# MORRIS FULFORD *v.* STATE OF MARYLAND

[No. 74, September Term, 1969.]

*Decided December 9, 1969.*

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*James Owen Knotts* for appellant.

*Donald Needle, Assistant Attorney General*, with whom
were *Francis B. Burch, Attorney General*, and *James A.
Wise, State's Attorney for Caroline County*, on the brief,
for appellee.

ANDERSON, J., delivered the opinion of the Court.

The appellant, Morris Fulford, was convicted of set-
ting fire to and burning a schoolhouse in violation of
Article 27, Sec. 7, Maryland Code, in a non-jury trial in
the Circuit Court for Caroline County. He was sentenced
to the jurisdiction of the Department of Correction for
a period of nine years.

On appeal from his conviction appellant raises four
contentions which, in essence, may be treated as one,
namely: Was the evidence sufficient to sustain his con-
viction of statutory arson?

The testimony discloses that on April 8, 1968 the prin-
cipal of the Colonel Richardson High School in Caroline
County received information that the school was to be
set afire. He called Officer Oliver H. Christopher and
asked him to come to the school. However, prior to his

arrival, a homemade bomb was thrown through a window of the school. The bomb exploded, setting fire to the room in which it was thrown. Fortunately, the school authorities were alerted and the fire was extinguished promptly. Officer Christopher arrived at 7:30 P.M., followed shortly thereafter by Trooper Wilson and the fire marshal. On arrival they found that a window had been broken in one of the classrooms, a broken bottle containing a rag wick and kerosene was found lying on the floor, and there had been a fire resulting from the explosion of the bomb. They found that there was an actual burning by flames of a part of the building, in that an area on the window frame approximately 24 inches by 4 inches was burned. The window frame was metal but the paint had been burned off. Also, the venetian blind attached to the building by screws over the window and the cords attached thereto had been burned and charred. There was a charring of the paint on the wall behind the venetian blind. In addition, about 17 books in a bookcase by the window were burned or partially burned. A rag similar to the wick in the bottle was found on the ground below the broken window. Appellant was taken into custody immediately following the fire but released. He was later arrested by Trooper Wilson on June 14, 1969, at which time he voluntarily gave a written statement in which he fully admitted his implication in the crime, although he denied throwing the bomb through the window. In his brief he does not question the voluntariness of his statement or any violation of his rights under *Miranda v. Arizona,* 384 U. S. 436.

When the issue is sufficiency of the evidence, the test to be applied is whether the evidence, if believed, either shows directly or supports a rational inference of the facts to be proved from which the court could fairly be convinced beyond a reasonable doubt of the defendant's guilt of the offense charged. *Speaks v. State,* 3 Md. App. 371, 379; *Montague v. State,* 3 Md. App. 66, 72. In nonjury trials the weight of the evidence and the credibility of the witnesses rests within the determination of the

trial judge. *McRae v. State,* 3 Md. App. 388, 398; *Gibson v. State,* 4 Md. App. 222.

The general rule is that an extra judicial confession or statement of an accused does not warrant a conviction, unless there is, in addition, independent evidence to establish the *corpus delicti. Koprivich v. State,* 1 Md. App. 147. The sufficiency of this independent evidence of the *corpus delicti* is to be determined by the facts and circumstances of each particular case. *Keyes v. State,* 236 Md. 74. It need not establish, by itself, the truth of the *corpus delicti* beyond a reasonable doubt or by a preponderance of the evidence, but any facts and circumstances that are substantial in nature and fortify the truth of the confession are sufficient to support the conviction. *Hadder v. State,* 238 Md. 341; *Koprivich v. State, supra.*

To establish the *corpus delicti* of the statutory crime of wilfully and maliciously burning a school it need only be shown that a fire did occur, that there was a burning of the building, and that the fire was wilfully and maliciously set. *Hughes v. State,* 6 Md. App. 389; *Butina v. State,* 4 Md. App. 312.

We find from the evidence in this case that there was ample proof to establish both the *corpus delicti* and the criminal agency of the defendant. The evidence shows that the school officials received information that there was to be a fire bombing at the school. They promptly alerted the police and were on duty when the bomb was thrown through the window, setting a fire in the classroom which they were able to extinguish. When the police arrived they found a broken window and a bottle lying on the floor containing kerosene, some of which had spilled on the floor. About twenty-four inches by four inches of the window frame had been burned. While it was a metal frame, the paint had been burned completely off. In addition, the venetian blind, which the trial judge found as a fact to be a permanent fixture and a part of the building, was burned and the cords which held the venetian blind were totally burned.[1] Without de-

---

1. The trial judge found the venetian blind to be a part of the

ciding whether the venetian blind was or was not a permanent fixture, the burning of the window frame was sufficient to establish a burning. If there is the slightest burning of any part of the building, the offense is complete. *Perkins on Criminal Law,* pp. 176-177. The evidence shows that the fire was of incendiary origin in that it was wilfully and maliciously set.

We find that the *corpus delicti* was established and coupled with the confession of the appellant, in which he admitted participation in the crime, appellant's criminal agency was proven.

*Judgment affirmed.*

building and a permanent fixture, citing *Schofer v. Hoffman,* 182 Md. 270.