## STEPHEN GARY HOWARD *v.* STATE OF MARYLAND

[No. 287, September Term, 1973.]

*Decided January 7, 1974.*

The cause was argued before THOMPSON, GILBERT and MOORE, JJ.

*John J. Garrity,* with whom was *Edward P. Camus, Public Defender for Prince George's County, Maryland* on the brief, for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Richard H. Sothoron, Jr., Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

A legal intern, working with the prosecutor, made

reference in closing argument to important evidence which had not been presented to the jury. We hold that the trial judge abused his discretion in failing to grant appellant's timely motion for a mistrial.

Stephen Gary Howard, the appellant, was convicted of rape and kidnapping by a jury in the Circuit Court for Prince George's County. A twenty-four year old teacher in the Prince George's County schools testified that about 11:30 p.m. on July 19, 1972, while she was getting out of her car in a parking lot at her apartment project, she was accosted from the rear by a man who placed his hands over her face, pushed her down on the seat, saying, "Don't scream or I will blow your head off." A second person entered the driver's side and drove the victim's car some distance to a lonely spot. At that time, the victim was blindfolded, commanded to undress and to lie on the hood of the car. For the next two hours, the two men took turns having or attempting sexual intercourse with her. While still blindfolded she was driven back to the parking area and helped out of the car. When the blindfold was removed, after a three (3) hour emplacement, she got a glimpse of one of the men. She stated she was able to observe, for a period of from 2 to 5 seconds, the man whom she identified as the appellant. Police were immediately called and removed 27 fingerprints from the top of the windshield and from the hood of the car, a 1970 Maverick. Eight of the fingerprints were identified to be those of the appellant, eight to be those of the victim and eleven were not identified. The expert testified it was not possible to pinpoint how long the prints had been in place; that they could have been there anywhere from two hours to three weeks. The victim admitted that her car had been in the Prince George's Shopping Center, a place frequented by the appellant, but she did not know exactly when she had last been there.

Appellant testified he was sixteen years of age at the time of the alleged offense; that he could not specifically recall where he had been on the night in question; but he believed that he had been at the Shopping Center, as it was his custom to wait outside of the restaurant to "party" with the

waitresses on the parking lot after they got off duty. He continued, that he did not participate in the rape in any manner and had no idea how his fingerprints got on the car, except that while waiting for the waitresses to finish work he occasionally horseplayed on the parking lot and may have placed his fingerprints thereon during one such occasion.

Though no photographic identification evidence was introduced before the jury, during his final argument, the legal intern stated:

> "We have something extra in this case, we have fingerprints. You have heard that testimony. I am not going to go through it. One thing that hasn't been mentioned, doesn't it seem a little bit odd to you that of all of the people, all of the people's fingerprints that were found on that car, it just happened to be the fingerprints of the man she picked out, *that she picked out of some police pictures? Doesn't that seem awfully funny? She doesn't know when she picked out that picture whose fingerprints they were. It just happened to be the picture she picked out, happened to match with the fingerprints the police found.* Now, that seems to me too big a coincidence to be a coincidence. If you find that is not a coincidence, if you can really believe that, that that just happened and that Gary Howard was playing around and he put his hands all over the hood and sides of the car, if you can believe all that, then I guess maybe you will have to come back with a verdict of not guilty. But as Mr. Sothoron pointed out to you I don't think that is what you are going to do. I don't think that is what you can do. The State has proven to you very clearly, beyond a reasonable doubt, the defendant, Stephen Gary Howard is guilty of kidnapping and rape as charged. Thank you very much."

Appellant made a prompt motion for mistrial, during which he pointed out that evidence as to the photographic

identification had not been introduced before the jury and he maintained that the closing argument of the State was improper and highly prejudicial. The State concedes, as well it might, that the legal intern's argument was improper, *Berger v. United States*, 295 U. S. 78, 55 S. Ct. 629, 79 L.Ed.2d 1314 (1935); but argues that as the trial judge was in a superior position to determine the likelihood of prejudice, his decision is not now to be disturbed on appeal. *Wilson v. State*, 261 Md. 551, 570, 276 A. 2d 214 (1971). The State further argues the trial judge's admonition to the jury to disregard the remarks of the prosecutor was sufficient to cure any prejudice, which may have resulted from the mistake of the legal intern.

We quite agree that the trial judge is in a superior position to judge prejudice and that ordinarily his admonition to the jury to disregard improper remarks of a prosecutor is quite adequate to dispose of the question. As we stated in *Reidy v. State*, 8 Md. App. 169, 179, 259 A. 2d 66 (1969),

> "We recognize, of course, that if every remark made by counsel outside of the testimony were grounds for reversal, comparatively few verdicts would stand, since in the ardor of advocacy, and in the excitement of the trial, even the most experienced counsel are occasionally carried away by this temptation."

This does not mean that we are absolutely bound by the trial judge's determination on a motion for mistrial. Rather, it means we will reverse only when it appears that the jury was likely to have been actually misled by the improper remarks of the State's Attorney. *Holbrook v. State*, 6 Md. App. 265, 270, 250 A. 2d 904 (1969). In the instant case it is true there was an in-court identification but the short time and the conditions under which the observation of the criminal was made render the identification more suspect than other identifications which are predicated upon a scrutiny of longer duration and under more favorable conditions. It is true, of course, that the fingerprints on the hood of the car evidence that the appellant's fingers had at

some time come into contact with the hood of the car. With this record, we cannot say the jury would not have accepted the explanation, implausible though it may be, of the sixteen year old appellant that his prints were implanted while he was horseplaying on a parking lot in a shopping center. When the evidence concerning the prior photographic identification was improperly presented to the jury, we cannot say that the error was not prejudicial. Indeed, we find it to be extremely prejudicial and further find that the court's admonitions to disregard the statement were not sufficient to overcome this prejudice. A reading of the trial judge's comments concerning the statement bolsters our view. Referring to the statement, at various places in the transcript, the trial judge said *inter alia:* "It is pretty devastating though. . . . [T]he question in the court's mind is whether or not an admonition would be sufficiently strong enough to revocate it from their minds. . . . I know I can do that, [admonish the jury] and I am going to do that, but I promise if it comes back on appeal then I am going to be awfully unhappy, because I am pretty concerned about it."

We hold that the motion for mistrial should have been granted.

*Judgments reversed.*
*Case remanded for a new trial.*