TAYLOR *v.* STATE OF MARYLAND

[No. 158, September Term, 1975.]

*Decided July 13, 1976.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ., and reargued before MURPHY, C. J. and SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ., and J. HAROLD GRADY, Associate Judge of the Supreme Bench of Baltimore City, specially assigned.

Argued and reargued by *George E. Burns, Jr., Assistant Public Defender,* with whom were *Alan H. Murrell, Public Defender,* and *Howard L. Cardin, Assigned Public Defender,* on the brief, for appellant.

Argued and reargued by *Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

We granted certiorari in this case in order that we might consider the decision of the Court of Special Appeals in *Taylor v. State,* 28 Md. App. 560, 346 A. 2d 718 (1975), which affirmed Taylor's conviction of second degree murder, of assault and of two handgun violations.[1] At his trial, Taylor produced a number of character witnesses, each of whom testified that Taylor enjoyed a reputation in his community as a "peaceful man." On cross-examination, the State was permitted to inquire of two of the character witnesses whether they had heard that Taylor had been convicted in 1963 of "an assault by striking a Baltimore County police officer" and fined $13.00 or whether they had heard that Taylor "was found guilty of an assault and battery in Baltimore County, and fined $53.00," also in 1963. Each witness asked about these prior convictions testified that he was unaware of them, and that knowledge of the convictions would have done nothing to change his opinion of Taylor's reputation.

In *Taylor,* Judge Gilbert, writing for the court, in a careful and well-considered opinion, concluded that the holding of *Michelson v. United States,* 335 U. S. 469 (1948), that a character witness for a criminal defendant might be cross-examined as to an arrest of the defendant, whether or not the arrest culminated in a conviction, had not been

---

1. The Court of Special Appeals vacated the consecutive sentence on the second handgun count, and remanded the case for the imposition of a new sentence.

attenuated by *Loper v. Beto,* 405 U. S. 473 (1972); *United States v. Tucker,* 404 U. S. 443 (1972), and *Burgett v. Texas,* 389 U. S. 109 (1967).

These three cases stand for the proposition that constitutionally infirm convictions, infirm because they antedated *Gideon v. Wainwright,* 372 U. S. 335 (1963), and were cases in which the defendant was convicted without being represented by counsel, could not be used to support the guilt of a defendant; to enhance the punishment of a defendant, or to impeach the credibility of a defendant.

The Court of Special Appeals concluded that the rationale of *Michelson* permitted Taylor's character witnesses to be cross-examined as regards the defendant's two prior convictions, even though it was apparent that he had not been represented by counsel.

We shall affirm the judgments of the Court of Special Appeals without reaching the constitutional issue, because, as will be demonstrated, we believe that the cross-examination of the character witnesses as regards the defendant's prior convictions, while error as a matter of Maryland law, was harmless error beyond a reasonable doubt.

We begin our consideration of the problem by noting that when extrinsic evidence of a prior conviction is offered to impeach the testimony of a character witness or of a defendant testifying in his own behalf in a criminal case, it is offered for the purpose of laying open to question the veracity and credibility of the witness or of the defendant, *Taylor v. State,* 226 Md. 561, 565-66, 174 A. 2d 573, 575 (1961); *Linkins v. State,* 202 Md. 212, 220-21, 96 A. 2d 246, 250 (1953). On the other hand, when a character witness is cross-examined regarding the defendant's prior conviction, what is being tested is the basis of the witness' knowledge, 3A J. Wigmore, Evidence § 988 at 912 (Chadbourn rev. 1970).

As a consequence, when either the witness or the defendant is being questioned as regards his own conviction, relevance must be taken into account by the trial judge in ruling on admissibility, but the determination reached by

the trial judge will not be interfered with on appeal unless the prior conviction is clearly irrelevant, *Cousins v. State*, 230 Md. 2, 4, 185 A. 2d 488, 489 (1962); *Nelson v. Seiler*, 154 Md. 63, 68, 139 A. 564, 566 (1927). To be relevant, the evidence of the prior conviction must tend to demonstrate that the witness cannot be believed. If the conviction is of an infamous crime, lapse of time usually has little bearing on relevancy; the contrary may be true, however, where the crime is not infamous, *Burgess v. State*, 161 Md. 162, 170-71, 155 A. 153, 156 (1931); *Simond v. State*, 127 Md. 29, 39, 95 A. 1073, 1077 (1915); see, Note, *The Circumstantial and Impeachment Uses of a Prior Conviction*, 22 Md. L. Rev. 244 (1962). Mere charges or arrests not followed by convictions may not be shown, *Burgess v. State, supra*, 161 Md. at 170; *Nelson v. Seiler, supra*, 154 Md. at 69; *Duffy v. State*, 151 Md. 456, 468, 135 A. 189, 192 (1926); *Bonaparte v. Thayer*, 95 Md. 548, 559, 52 A. 496, 499 (1902); *McLaughlin v. State*, 3 Md. App. 515, 524, 240 A. 2d 298, 304 (1968), nor may a conviction be received in evidence if the conviction is being appealed or if the time for an appeal has not expired, Maryland Code (1974), Courts & Judicial Proceedings Article § 10-905 (a); *Bailey v. State*, 263 Md. 424, 426, 283 A. 2d 360, 361 (1971).

Until 1974, Code (1957, 1971 Repl. Vol.) Art. 35, § 10 provided, in part:

> "[I]n the event of . . . the conviction of such witness of any infamous crime . . . in order to prove such conviction it shall not be necessary to produce the whole record of proceedings containing such conviction, but the certificate, under the seal of the clerk of the court wherein such proceedings were had . . . shall be sufficient. No conviction may be used for any purpose under this section when the conviction is being appealed or the time for noting an appeal has not expired."

While Art. 35, § 10 was repealed by Chapter 2 of the Laws of 1973, 1st Spec. Sess., effective 1 January 1974, the General Assembly enacted, at the same session, Chapter 2, § 1, which

is now codified as Courts and Judicial Proceedings Article § 10-905:

> "(a) *In General* — Evidence is admissible to prove the interest of a witness in any proceeding, or the fact of his conviction of an infamous crime. Evidence of conviction is not admissible if an appeal is pending, or the time for an appeal has not expired, or the conviction has been reversed, and there has been no trial or reconviction.
>
> "(b) The certificate, under the seal of the clerk of the court, of the court in which the conviction occurred is sufficient evidence of the conviction."

Article 35, § 13C, dealing with character witnesses was repealed by the same Chapter, and there was enacted in its stead § 9-115 of the Courts and Judicial Proceedings Article:

> "Where character evidence is otherwise relevant to the proceeding, no person offered as a character witness who has an adequate basis for forming an opinion as to another person's character shall hereafter be excluded from giving evidence based on personal opinion to prove character, either in person or by deposition, in any suit, action or proceeding, civil or criminal, in any court or before any judge, or jury of the State." [2]

We regard the thrust of § 10-905 as purely procedural, making no change in substantive law. While it has always been possible to establish the fact of a witness' conviction by his admission, *Green v. State*, 161 Md. 75, 155 A. 164 (1931), we regard the preferable practice as a proffer by the prosecution, out of the presence of the jury, of the evidence which it proposes to offer to prove the witness' prior conviction, see *Johnson v. State*, 9 Md. App. 166, 177-78, 263 A. 2d 232, 239-40 (1970). This is but another aspect of the rule that the prosecution must act in good faith, see *Graham*

---

**2.** Chapter 691, § 8 of the Laws of 1974 substituted "the State" for "this state" in the last line.

*v. State,* 13 Md. App. 171, 180-81, 282 A. 2d 162, 168 (1971); *Raimondi v. State,* 12 Md. App. 322, 332-36, 278 A. 2d 664, 670-72 (1971).

The enactment of Article 35, § 13C by Chapter 760 of the Laws of 1971, however, made a drastic change in the substantive law. It abrogated the common law rule that a character witness' testimony was limited to the defendant's reputation, which required the question to be prefaced with the phrase "have you heard" rather than "do you know." Section 9-115 now permits the character witness to express a personal opinion of the defendant's reputation, see *Taylor v. State, supra,* 28 Md. App. at 567-68.

The law in other jurisdictions is in such a state of disarray that it is virtually impossible to determine what the weight of authority is. Wigmore puts it this way:

> "The state of the law upon the foregoing topics [the use of prior convictions to impeach credibility] illustrates the truth (not as often judicially appreciated as it ought to be) that there are half a hundred independent jurisdictions within our boundaries, and that it is impossible to make use of all the rulings as though they were valid precedents for every jurisdiction. The shuttlecock citation of decisions, backward and forward, in and out of their proper jurisdictions, has done much to unsettle and to confuse the law. The greatest judicial service that can be rendered today is to keep the line of precedents clear and inflexible in each jurisdiction." 3A J. Wigmore, Evidence § 987 at 826, 911 (Chadbourn rev. 1970) (footnotes omitted).

We have reviewed the Maryland cases with some care, not so much in response to Professor Wigmore's hortatory caveat as to identify and to consider what appears to us to be a lacuna in our case law.

When a character witness is cross-examined as to his familiarity with the prior conviction of a criminal defendant, we regard the prejudice as having the same

potential as that which exists when the defendant himself is cross-examined, and see no reason why the same prophylactic measures should not be invoked. See 2 C. Torcia, Wharton's Criminal Evidence § 426 (13th ed. 1972), cited in *Taylor, supra,* 28 Md. App. at 568-69.

It seems to us that the trial court was relying on the holdings in *Comi v. State,* 202 Md. 472, 478-79, 97 A. 2d 129, 131-32, *cert. denied,* 346 U. S. 898 (1953) and on *Avery v. State,* 15 Md. App. 520, 549, 292 A. 2d 728, 748, *cert. denied,* 266 Md. 733 (1972), *appeal dismissed,* 410 U. S. 977 (1973), as authority for the proposition that a character witness could be interrogated as regards an arrest, whether or not it resulted in a valid conviction. In *Comi,* this Court observed:

> "When the defendant's character, in the sense of reputation as distinguished from disposition, is thus put in issue, particular àcts of misconduct which might affect his general reputation may be referred to as a test of the witness' credibility and the grounds of his belief. *Stewart v. United States,* 70 App. D.C. 101, 104 F.2d 234, 235. In this connection, the cases indicate that no distinction is to be drawn between convictions and charges which result in acquittal . . . ." [3] 202 Md. at 479.

In *Avery v. State, supra,* 15 Md. App. at 549, the Court of Special Appeals, relying on the passage quoted from *Comi,* upheld a ruling of the trial court which permitted a defendant's character witnesses to be cross-examined on their understanding that the defendant had been tried and acquitted of an abortion charge and of assault on a patient.

The difficulty is that *Comi* dealt with the fashion in which questions directed to character witnesses are to be framed, citing *Stewart v. United States.* The excerpted passage from *Comi,* that no distinction is to be drawn between convictions and charges which result in acquittal, is dictum and not relevant to the holding in the case, which is that improperly

---

**3.** The cases relied upon stated what appears to be the rule of the federal cases.

phrased questions, to which no objection had been made, could not be reviewed on appeal. We regard reliance on the *Comi* dictum in *Avery* as misplaced.

It has long been the rule of our cases that an accusation of crime, as distinguished from a conviction, may not be proved as a means of impeaching the testimony of a defendant who takes the stand in his own behalf, *Niemoth v. State,* 160 Md. 544, 556-57, 154 A. 66, 71 (1931); *Duffy v. State, supra,* 151 Md. at 465-68; *McLaughlin v. Mencke,* 80 Md. 83, 87-88, 30 A. 603, 604 (1894). The same rule has always been applied to the impeachment of any other witness, including one called as a character witness for a criminal defendant. In *Burgess v. State, supra,* 161 Md. at 169, our predecessors, speaking through Judge W. Mitchell Digges, quoted from the opinion in *Niemoth, supra,* 160 Md. at 557:

> "The inquiries [regarding prior convictions] disregarded the principle that an accusation, as distinguished from a conviction, of crime may not be proved as a means of impeaching the credibility of a witness,"

and then continued:

> "The effect of our decision is that the mere accusation of crime is not sufficient to impeach credibility, whether it refers to the defendant or a witness, but that convictions of crime are."

To the same effect are *Nelson v. Seiler, supra,* 154 Md. at 68; *Kremen v. Rubin,* 139 Md. 682, 692, 116 A. 640, 643 (1922); *Simond v. State, supra,* 127 Md. at 39; *Bonaparte v. Thayer, supra,* 95 Md. at 559. We think that the identical rule should be applied to the cross-examination of a character witness called by the defendant, for if it is impermissible to question the defendant about a prior accusation, it should be similarly impermissible to question the defendant's character witness about that prior accusation of the accused, the potential for prejudice being the same and the relevance insignificant. We realize that this view is contrary to the decision of the Supreme Court in *Michelson v. United States,*

*supra,* 335 U. S. at 482-84; however, *Michelson* in this regard merely restated the then prevailing federal rule.

Because, as the trial judge noted in his charge to the jury, there was no evidence of Taylor's convictions on either the assault or the assault and battery charge in the case,[4] the trial court erred in permitting the character witnesses to be cross-examined regarding them until the prosecution had either introduced into evidence a record of the convictions, or proffered that it was prepared to do so. It would have been at this juncture that the constitutional question would have been squarely presented.

Even had there been an objection to the questions which were asked, we would have regarded the error as harmless, because the purpose of calling the character witnesses was to establish Taylor's reputation as a "peaceful" man. There was an objection to the form of the first question, which was sustained. It is not clear from the record, however, that the objection was renewed when the question was rephrased.

We do not reach the constitutional question to which the Court of Special Appeals addressed itself, whether *Michelson v. United States, supra,* has survived the three recent Supreme Court decisions in *Loper v. Beto, supra; United States v. Tucker, supra,* and *Burgett v. Texas, supra,* for, as we noted at the outset, we are convinced that any error of constitutional dimension which could have resulted from the cross-examination of Taylor's character witnesses was harmless beyond a reasonable doubt, see *Harrington v. California,* 395 U. S. 250 (1969); *Chapman v. California,* 386 U. S. 18 (1967). We say this because Taylor made a judicial confession that he had shot and killed the decedent. The brutality of the circumstances, as described by the eyewitnesses, depicted an act of senseless violence. The character witnesses who were asked about Taylor's prior convictions denied knowledge of the convictions and then testified that if they had been aware of the convictions, their opinion of Taylor's reputation as a "peaceful" man would

---

4. The prosecution was not permitted to question Taylor about them.

have remained unchanged. Thus, the State's use of the prior convictions failed to produce the desired result.

> *Judgments of the Court of Special Appeals affirmed; costs to be paid by appellant.*