# RICHARD von LUSCH *v.* STATE OF MARYLAND

[No. 44, September Term, 1976.]

*Decided January 31, 1977.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE and ELDRIDGE, JJ.

*Philip W. Moore*, with whom was *Michael F. O'Connor* on the brief, for appellant.

*Bernard A. Raum, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General*, and *Clarence W. Sharp, Assistant Attorney General*, on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

This case presents questions involving the admissibility of evidence at petitioner's criminal trial of petitioner's prior conviction of a crime at a time when he was not represented by counsel. Also presented is the question of whether petitioner waived his objection to the evidence by failing to specify the ground for the objection.

Petitioner Richard von Lusch resides in Queen Anne's County, Maryland. Located in the general vicinity of petitioner's home is an airport, known as the Bay Bridge Airport. The record indicates that petitioner considers the airport operations a hindrance to the peaceful enjoyment of his home, detrimental to his health, and a violation of the zoning regulations of Queen Anne's County. In 1974, petitioner allegedly made numerous telephone calls both to Mr. Julius Grollman, an operator of a local general store and one of the county commissioners in Queen Anne's County, and to the Bay Bridge Airport. Subsequently, charges were brought against petitioner as a result of separate complaints filed by Mr. Grollman and by Mr. Eugene Grannon, president of the company operating the airport.

Petitioner was tried before a jury in the Circuit Court for Caroline County, after removal from Queen Anne's County, on four counts of unlawfully using telephone facilities with the intent to "annoy, abuse, torment, harass, or embarrass one or more persons" in violation of Maryland Code (1957, 1976 Repl. Vol.), Art. 27, § 555A. At trial, Mr. Grollman testified that on May 5, 1974, he and members of his family

received 40 telephone calls from petitioner. Mr. Grollman further testified that on May 11, 1974, he received 14 telephone calls from petitioner between 8:50 a.m. and 9:15 a.m. According to his testimony, the nature of the calls was similar and involved complaints about airplanes flying over petitioner's house and "why I [Grollman] didn't protect his rights or enforce the law of airplanes flying over." Mr. Grollman testified that petitioner habitually hung up the phone without allowing him to respond to the statements. Airport personnel testified that Bay Bridge Airport received 14 and 12 telephone calls from petitioner on May 5, 1974, and May 11, 1974, respectively. According to their testimony, the substance of the telephone calls was similar to the ones received by Mr. Grollman. Furthermore, they testified that petitioner was abusive and used vulgar language.

While petitioner did not seriously dispute the number of telephone calls allegedly made on the two days, he vehemently denied that the calls were made with the requisite intent to annoy or harass as required by Art. 27, § 555A. According to petitioner, he merely attempted to "have . . . [his] rights observed." He further testified that he neither used abusive language nor hung up the phone abruptly upon making the complaints, but rather that Mr. Grollman and the airport personnel used abusive and threatening language and consistently hung up on him, which necessitated the frequency of calls. Mrs. von Lusch supported her husband's testimony with respect to the nature of the telephone calls.

Petitioner was convicted on all four counts of violating Art. 27, § 555A, for which he was sentenced to a term of 3 months' confinement in the county jail on each count. The jail sentences were suspended and petitioner was placed on probation for 3 years. He also received a fine of $500.00 on each of the four counts.

Upon appeal to the Court of Special Appeals, several grounds for reversal were urged by petitioner. One of those grounds was that evidence concerning petitioner's conviction for auto larceny on April 25, 1931, was improperly admitted for impeachment purposes, as the conviction had been

obtained at a trial in which the petitioner was not represented by counsel. In affirming the conviction by a 2-1 vote, Judge Lowe dissenting, the Court of Special Appeals failed to reach the merits of this contention. The majority held that petitioner's right to challenge the evidence, on the ground that he had not been represented by counsel at the time of the prior conviction, had been waived by his attorney's failure to specify this ground for his objection. The Court of Special Appeals, however, vacated the sentences because of the absence of counsel for the petitioner at the sentencing stage of the proceedings and remanded the case for resentencing. *Von Lusch v. State*, 31 Md. App. 271, 356 A. 2d 277 (1976). Thereafter, this Court granted von Lusch's petition for a writ of certiorari.

Petitioner contends that it was improper for the prosecution during cross-examination to ask him about his conviction for auto larceny on April 25, 1931, because, at the time the prior conviction had been secured, he had not been represented by counsel.[1] We agree. As Judge Singley recently pointed out for this Court in *Taylor v. State*, 278 Md. 150, 152, 360 A. 2d 430 (1976), the Supreme Court's decisions in *Loper v. Beto*, 405 U. S. 473, 92 S. Ct. 1014, 31 L.Ed.2d 374 (1972); *United States v. Tucker*, 404 U. S. 443, 92 S. Ct. 589, 30 L.Ed.2d 592 (1972); and *Burgett v. Texas*, 389 U. S. 109, 88 S. Ct. 258, 19 L.Ed.2d 319 (1967), "stand for the proposition that constitutionally infirm convictions, infirm because they antedated *Gideon v. Wainwright*, 372 U. S. 335 (1963), and were cases in which the defendant was convicted without being represented by counsel, could not be used to support the guilt of a defendant, to enhance the punishment of a defendant, or to impeach the credibility of a defendant." *Loper v. Beto*, *supra*, directly governs the instant case. There, the Supreme Court stated (405 U. S. at 483):

"Unless *Burgett* is to be forsaken, the conclusion is inescapable that the use of convictions

---

1. It has not been disputed in this case that petitioner was not represented by counsel at the time he was convicted of auto larceny in 1931.

constitutionally invalid under Gideon v. Wainwright to impeach a defendant's credibility deprives him of due process of law. We can put the matter no better than in the words of the Court of Appeals for the First Circuit:

> " 'We conclude that the *Burgett* rule against use of uncounseled convictions "to prove guilt" was intended to prohibit their use "to impeach credibility," for the obvious purpose and likely effect of impeaching the defendant's credibility is to imply, if not prove, guilt. Even if such prohibition was not originally contemplated, we fail to discern any distinction which would allow such invalid convictions to be used to impeach credibility. The absence of counsel impairs the reliability of such convictions just as much when used to impeach as when used as direct proof of guilt.' Gilday v. Scafati, 428 F. 2d 1027, 1029."

It is clear, therefore, that evidence of petitioner's 1931 conviction was improperly used to impeach his credibility.

The State does not seriously suggest that the introduction of the 1931 conviction was proper in light of *Loper v. Beto, supra; United States v. Tucker, supra;* and *Burgett v. Texas, supra.* Instead the State contends that the error was harmless beyond a reasonable doubt. However, in *Burgett,* the Supreme Court addressed the issue of whether the admission of such evidence constituted prejudicial error, stating (389 U. S. at 115):

> "The admission of a prior criminal conviction which is constitutionally infirm under the standards of *Gideon v. Wainwright* is inherently prejudicial and we are unable to say that the instructions to disregard it made the constitutional error 'harmless beyond a reasonable doubt' within the meaning of *Chapman v. California,* 386 U.S. 18."

And in *Loper v. Beto, supra,* 405 U. S. at 483 n. 12, involving the use of prior invalid convictions for impeachment purposes, the Court simply noted:

> "In the circumstances of this case there is little room for a finding of harmless error, if, as appears on the record now before us, Loper was unrepresented by counsel and did not waive counsel at the time of the earlier convictions."

*See also Dorsey v. State,* 276 Md. 638, 648 n. 6, 350 A. 2d 665 (1976), where we pointed to *Burgett* and *Loper* as examples of cases involving types of error which perhaps could never be treated as harmless.

However, assuming arguendo that there are situations in which the admission against a criminal defendant of prior convictions that are constitutionally invalid under *Gideon v. Wainwright* is harmless error, we believe that under the circumstances of this case the error cannot be deemed harmless. Here, the petitioner's testimony was the principal thrust of his defense. His credibility therefore was of the utmost importance. Although the evidence with respect to the number of telephone calls made by petitioner was not seriously disputed, the testimony regarding the nature of the calls, which was relevant to disclose petitioner's intent in making the calls, was contradictory. Mr. Grollman and the airport personnel testified that petitioner was arrogant, abusive and abrupt on the phone, consistently hanging up without allowing any opportunity for a response. On the other hand, petitioner testified that it was not he who acted in this manner but rather Mr. Grollman and the airport personnel. He further testified that the frequency of his calls was necessitated by the complaining witnesses' behavior in hanging up the phone upon recognizing his voice, thereby frustrating his attempts to convey his complaints. Under the circumstances presented, the case largely turned upon the credibility of the various witnesses. Therefore, the error in admitting evidence of petitioner's prior conviction to impeach his credibility was not "harmless beyond a

reasonable doubt." *Chapman v. California,* 386 U. S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967); *Dorsey v. State, supra,* 276 Md. at 659.

Next the State argues, as the Court of Special Appeals held, that petitioner waived any objection based upon *Loper* and *Burgett* to the admission of the evidence concerning his prior conviction because petitioner's counsel failed to mention such ground. While acknowledging that under Maryland Rules 522 d and 725 f it is not necessary to state the grounds for objections to evidence unless requested by the court, and that in the present case petitioner's counsel was not asked by the court to state the grounds, the Court of Special Appeals held that where a party voluntarily states his grounds for objection even though not asked, he must state all grounds and waives any not so stated. The Court of Special Appeals went on to hold that petitioner's counsel voluntarily offered certain reasons for his objection in this case, and that, therefore, his failure to mention the *Loper* and *Burgett* ground constituted a waiver. The majority in the Court of Special Appeals thus stated:

> "Numerous decisions hold that where the objecting party is asked by the trial court to state grounds for an objection to evidence, the objector should state *all* the reasons (if he has more than one) for objecting, and if he does not he is ordinarily regarded as having waived any basis not so stated. . . . We see no reason why the waiver rule should not apply with equal force where, although not asked to do so, the objector nevertheless states the basis for his objection. In the instant case, there is no reason to assume that had the appellant been asked by the trial judge he, or his counsel, would have stated any different or further grounds for the objection. Nor is there any indication in the record, or claim on appeal, that appellant or his counsel were prevented from fully articulating, once they undertook to do so, all grounds for the objection. Since the *Burgett* principle was not included as one

of the stated grounds for the objection at the trial below, we hold that the objection on that ground has been waived. We therefore do not consider it." (31 Md. App. at 286-287.)

The portion of the trial transcript relating to this matter is as follows:

Q. (By prosecuting attorney) On April 25, 1931, were you convicted of larceny of an auto?

DEFENSE COUNSEL: Object. Your Honor.

THE COURT: Now just a minute. Just a minute! He has subjected himself to cross-examination by taking the stand.

DEFENSE COUNSEL: There was no direct examination on that subject whatsoever. . . .

THE COURT: But it may be (unintelligible).

DEFENSE COUNSEL: It is prejudicial and we ask for a mistrial.

THE COURT: All right, sir overrule your Motion.

PROSECUTING ATTORNEY: Your Honor any time a witness takes the stand his credibility is at issue.

THE COURT: Yes sir, his credibility is at issue and that is all there is to it.

\* \* \*

Q. (By prosecuting attorney) You were convicted of larceny of an auto?

A. (By von Lusch) Yes, that is right. A fifteen dollar ($15.00) Ford.

The Court of Special Appeals viewed the above-quoted statements made by defense counsel as an attempt on his part to express specific grounds for objecting to the admissibility of petitioner's prior auto larceny conviction.

As previously pointed out, under Maryland Rules 522 d and 725 f, where the trial court does not request a statement

of the grounds for an objection, a general objection is sufficient to preserve all grounds which may exist. As this Court held in *Bailey v. State,* 263 Md. 424, 428, 283 A. 2d 360 (1971), even where the basis for the objection is a so-called "non-traditional" one, such as the *Burgett* principle, it is unnecessary to state the basis unless requested by the court.

On the other hand, where the trial court does request specific grounds for an objection, the objector is bound by the grounds that he states, and he normally is deemed to have waived any objection to the evidence on a ground not stated. *Wilt v. Wilt,* 242 Md. 129, 218 A. 2d 180 (1966); *Eckhart v. Ayres,* 240 Md. 153, 213 A. 2d 493 (1965). In this case, the Court of Special Appeals extended this principle to the situation where the objector, although not requested by the court, voluntarily offers specific reasons for objecting to certain evidence.

This extension by the Court of Special Appeals of the principle set forth in *Wilt v. Wilt, supra,* and *Eckhart v. Ayres, supra,* is a logical one, and we agree with it. Consequently where one objecting to the admission of evidence, although not requested by the court to state his grounds, goes ahead and delineates the specific grounds for his objection, he will be bound by those grounds and will ordinarily be deemed to have waived other grounds not mentioned. However, we do not think that this principle is applicable under the facts here.

In the instant case, we do not believe that the statements by petitioner's attorney were attempts to express specific reasons for the objection. Instead, they appear to be mere responses to remarks of the trial court. Upon counsel's initial objection without stating any grounds, the trial court observed that petitioner had "subjected himself to cross-examination by taking the stand." In response to that, petitioner's counsel stated that there had been "no direct examination on that subject whatsoever." Although the record, at this point, indicates that the transcription of the trial judge's reply was unintelligible, petitioner's attorney further stated that the evidence of the prior conviction was "prejudicial." Both statements by counsel appear to have

been prompted by remarks made by the trial court and not an attempt to delineate specific grounds for the objection. Moreover, we do not believe that merely characterizing something as "prejudicial" is an effort to specify a particular basis for an objection. While we agree with the Court of Special Appeals that where counsel clearly states specific grounds for an objection without a request by the trial court, he waives the right to challenge the evidence on other grounds, the circumstances presented here indicate that petitioner's counsel made a general objection to the admissibility of petitioner's prior auto larceny conviction.

As petitioner's counsel was not requested by the trial court to give reasons for the objection, and as he made only a general objection which the trial court overruled, there was no waiver of petitioner's right to challenge the evidence on the ground that he had not been represented by counsel at the time of the prior conviction.

> *Judgment of the Court of Special Appeals reversed.*
>
> *Case remanded to the Court of Special Appeals with instructions to reverse the judgment of the Circuit Court for Caroline County and remand the case to that court for a new trial.*
>
> *Costs to be paid by Queen Anne's County.*