JOHNNY LEE FACYSON *v.* STATE OF MARYLAND

[No. 270, September Term, 1976.]

*Decided March 10, 1977.*

The cause was argued before POWERS, DAVIDSON and MOORE, JJ.

*Dominic Gioioso, Assigned Public Defender,* for appellant.

*Leroy Handwerger, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *David Katz, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court.

In the Criminal Court of Baltimore, a jury, presided over by Judge Martin B. Greenfeld, found Johnny Lee Facyson, the appellant, guilty of rape. On appeal, he contends, among other things, that the trial court erred in permitting a character witness to testify as to his familiarity with charges that the appellant had previously committed criminal acts. Because we shall reverse on this ground, no other contentions need be considered.

Here, the record shows that the alleged victim, aged 33, testified that she, her 5-year old daughter, and the appellant, aged 16, with whom she had been previously acquainted, had all been at a party. Thereafter, they walked together for a few blocks. When the 5-year old became tired, they sat down on some steps to rest. The appellant told the alleged victim that he wanted to have sex with her. She told him to "stop playing around." Assuming that he was "kidding," she started to joke with him. When she indicated that she had to go home, he pulled out a string or a cord about two feet in length, and stated that if she did not have sexual relations with him, he would kill her daughter. Thereafter, fearing that he would harm her daughter, she submitted to his sexual advances and was raped in her daughter's presence. On the following morning, she reported the rape to the police. They found three pieces of string at the site of the alleged crime, one of which the alleged victim identified as being that held by the appellant immediately preceding the alleged rape.

The appellant testified that while sitting on the steps, he and the alleged victim discussed her reasons for not having kept a previous date they had made. He told her that he wanted to have an affair with her and jokingly stated that

he was going to rape her. She laughed. Subsequently, she consented to have sexual relations with him. The appellant denied possession of any string or cord and denied threatening the alleged victim or her daughter in any way.

When arrested the next morning, the appellant voluntarily gave the police the following statement:

> "we was at a get togher on homewood amoung was mary and me abot 10:30 pm she and her baby left I walked with them and on Broadway I told mary I was going to Rape her and she laugh I grab her and took her to the school lot and told her daghter to set on the [steps] we went around on the side of the portable and she pulled her pants down and I pulled her blouse and bra up I was on her for about 20 minutes." [1]

At the trial, Mr. Albert Ruffin, a character witness appearing on the appellant's behalf, testified on direct examination that the appellant had been a student at a school he operated for "juvenile offenders." He stated that within the school community the appellant's general reputation for truth and veracity was good. On cross-examination, notwithstanding the appellant's objection and motion for a mistrial, the witness was permitted to answer a question as to whether he had heard that about one year previously the appellant had been arrested and charged with rape and sodomy. He responded that he had been aware of the existence of these charges and the fact that they had been dismissed. He concluded that his judgment with regard to his testimony concerning the appellant's general reputation for veracity in the school community was not affected.

In its charge to the jury, the trial court said, in pertinent part:

> "Now, any testimony concerning a prior arrest or prior charges against the defendant, that is, prior

---

1. The daughter, who might have witnessed the alleged rape, did not qualify as a competent witness.

to the charge before you, are admissible in this case solely for the purpose of attacking the weight of the testimony of the character witness for the defendant. In this case it was a man by the name of Albert Ruffin. And, the purpose is not to discredit the defendant himself, but, goes to the weight of the character testimony given by Albert Ruffin. Any prior arrests or prior charges against the defendant has [sic] no bearing on the guilt or innocence of the defendant in this particular case for this particular offense."

The question of whether a character witness may be cross-examined with respect to previous criminal charges against a defendant has recently been considered in *Taylor v. State*.[2] There, the question presented was whether character witnesses might be cross-examined about a defendant's previous convictions which were constitutionally infirm because they had been obtained in proceedings in which he had not been represented by counsel. The Court of Appeals held that cross-examination of the character witnesses with respect to such convictions was "error as a matter of Maryland law," but that under the facts there present it "was harmless error beyond a reasonable doubt."[3]

With respect to the analogous issue in this case, the Court of Appeals described as dictum language appearing in earlier cases[4] to the effect that character witnesses could be cross-examined as to previous criminal charges against a defendant and that "no distinction is to be drawn between convictions and charges which result in acquittal."[5] The Court, recognizing that its view was contrary to that of the

---

**2.** 278 Md. 150, 360 A. 2d 430 (1976). The trial court had relied upon Taylor v. State, 28 Md. App. 560, 569-70, 346 A. 2d 718, 723-24 (1975), which was then applicable.

**3.** Taylor, *supra*, 278 Md. at 152, 360 A. 2d at 432.

**4.** Comi v. State, 202 Md. 472, 478-79, 97 A. 2d 129, 131-32, *cert. denied*, 346 U. S. 898 (1953); Avery v. State, 15 Md. App. 520, 549, 292 A. 2d 728, 748, *cert. denied*, 266 Md. 733 (1972), *appeal dismissed*, 410 U. S. 977 (1973).

**5.** Comi, *supra*, 202 Md. at 479, 97 A. 2d at 132.

Supreme Court,[6] then said with respect to the question here presented: [7]

> "It has long been the rule of our cases that an accusation of crime, as distinguished from a conviction, may not be proved as a means of impeaching the testimony of a defendant who takes the stand in his own behalf. ... The same rule has always been applied to the impeachment of any other witness, including one called as a character witness for a criminal defendant .... We think that the identical rule should be applied to the cross-examination of a character witness called by the defendant, for if it is impermissible to question the defendant about a prior accusation, it should be similarly impermissible to question the defendant's character witness about that prior accusation of the accused, the potential for prejudice being the same and the relevance insignificant."

We now hold that the trial court erred in permitting the appellant's character witness to be questioned about a previous accusation against the appellant of sodomy and rape. Moreover, we hold that under the facts and circumstances of this case, the error cannot be deemed harmless.

The Court of Appeals and this Court have articulated the applicable standard by which to determine whether an error is "harmless." [8] Thus, in *Dorsey, supra*,[9] the Court of Appeals said:

> "[W]hen an appellant, in a criminal case, establishes error, unless a reviewing court, upon its

----

6. Michelson v. United States, 335 U. S. 469, 482-84, 69 S. Ct. 213, 221-23 (1948).

7. Taylor, *supra*, 278 Md. at 157, 360 A. 2d at 435.

8. von Lusch v. State, 279 Md. 255, 260-61, 368 A.2d 468, 471 (1977); Ross v. State, 276 Md. 664, 673-74, 350 A. 2d 680, 686-87 (1976); Dorsey v. State, 276 Md. 638, 659, 350 A. 2d 665, 678 (1976); Nishchuk v. State, 32 Md. App. 403, 409-10, 362 A. 2d 91, 95 (1976).

9. 276 Md. at 659, 350 A. 2d at 678.

own independent review of the record, is able to declare a belief, beyond a reasonable doubt, that the error in no way influenced the verdict, such error cannot be deemed "harmless" and a reversal is mandated. Such reviewing court must thus be satisfied that there is no reasonable possibility that the evidence complained of — whether erroneously admitted or excluded — may have contributed to the rendition of the guilty verdict."

Here, the central issue is whether the alleged victim was raped or consented to sexual intercourse. Thus, credibility is the critical factor in determining guilt.

This is not a case in which the State had overwhelming evidence of guilt. The evidence to support the appellant's conviction consisted of the alleged victim's testimony concerning the commission of the alleged crime and her identification of a piece of string, found in the vicinity of the alleged crime, as being that used by the appellant to threaten her. The appellant's statement, voluntarily given to the police, was ambiguous and is not necessarily a confession. The victim's daughter, the only other person who might have witnessed the alleged crime, did not testify. Thus, the State's case rested essentially upon the credibility of the alleged victim.

Similarly, the appellant's case rested primarily upon his own testimony, so that his credibility was of the utmost importance. Indeed, the appellant was entitled to an acquittal if his testimony did no more than raise a reasonable doubt as to whether he had raped the alleged victim.

From the erroneously admitted evidence which showed that the appellant had previously been charged with rape, the jury could have inferred that he had a propensity to commit such a crime, and, consequently, to conclude that he had committed the rape with which he is here charged.[10]

---

10. *See* 3 *Wigmore on Evidence* § 988 (3rd ed. 1940).

Such an inference and conclusion would tend to make the appellant's denial less believable.

Upon our independent review of the record, we are satisfied that the erroneously admitted evidence was so inherently prejudicial that, notwithstanding the trial court's instructions, there is a reasonable possibility that it may have contributed to the rendition of the guilty verdict.[11] Since we are not persuaded beyond a reasonable doubt that the error did not influence the verdict, we cannot deem it to be harmless. Accordingly, we shall reverse.

> *Judgment reversed.*
>
> *Case remanded for a new trial.*
>
> *Costs to be paid by the Mayor and City Council of Baltimore.*

---

**11.** *See* Burgett v. Texas, 389 U. S. 109, 115, 88 S. Ct. 258, 262 (1967); Howard v. State, 19 Md. App. 673, 676-77, 313 A. 2d 567, 569 (1974).