# RODNEY LEONARD JACKSON *v.* STATE OF MARYLAND

[No. 135, September Term, 1979.]

*Decided July 9, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Richard M. Karceski, Assigned Public Defender,* for appellant.

*F. Ford Loker, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

COLE, J., delivered the opinion of the Court.

The appellant, Rodney Leonard Jackson, was convicted by jury in the Criminal Court of Baltimore of robbery with a deadly weapon, assault with intent to murder and use of a handgun in the commission of a crime of violence. The court sentenced him to a total of thirty-five years and he noted an appeal to the Court of Special Appeals. We granted certiorari prior to consideration by that court.

The appellant contends that the trial court erred by:

1. Denying his motion for a continuance to locate an important witness.

2. Allowing the State to introduce his custodial statement as rebuttal evidence.

3. Failing to grant him an appropriate continuance when the State failed to provide him with copies or the content of his in-custody statements as provided by Md. Rule 741.

Appellant's trial was held over four separate days, June 22, 23, 26 and 27 of 1978. The evidence showed that one Richard Glascoe operated a grocery store with the assistance of 2 employees, Michael and Frederick Hicks. On October 7, 1977, two armed men wearing stocking masks robbed Glascoe and shot him in the wrist and back causing him to be paralyzed. Glascoe could not identify his assailants but both Michael and Frederick identified appellant as being the assailant who had a gold tooth, an odd smile and shot Glascoe in the wrist. Michael and Frederick also indicated that one Arnetta Roberts, a former employee of the store, was present when the two robbers entered but ran out immediately thereafter.

Appellant admitted being in the store at the time of the robbery but denied participation therein. He testified that he entered the store to purchase beer and cigarettes and that upon opening the door to the store he saw two men committing a robbery. Seeing the young girl in the doorway, he pulled her outside to safety and left the scene with some friends with whom he had been shooting craps in a nearby alley.

On Friday, June 23, the second day of trial, defense counsel requested the issuance of a summons to compel the appearance of the young girl; the summons was returned non est that same day indicating that the young girl had not been seen in the neighborhood in a week and the parents had left on a trip out of town. The trial court admonished defense counsel, an assistant Public Defender, that he should use his investigative staff to locate the witness over the weekend. On Monday, June 26, at the close of appellant's case in chief, defense counsel requested a continuance until the following day, informing the court that the witness had apparently gone to Virginia and would probably return the next day. The court denied this request. The State then called Detective Worden and Officer Crawford, who, having taken the statements from appellant, were allowed to testify as rebuttal witnesses over appellant's objection. On the morning of June 27th after argument of counsel and instructions by the court, the matter was submitted to the jury for its deliberation. The appellant claims error.

## I.

Our decisions have made it abundantly clear that the granting of a continuance to locate a defense witness rests within the sound discretion of the trial judge and such discretion will not be disturbed absent a showing of abuse prejudicial to the defendant. *See McKenzie v. State,* 236 Md. 597, 204 A.2d 678 (1964); *Taylor v. State,* 226 Md. 561, 174 A.2d 573 (1961); *Jackson v. State,* 214 Md. 454, 459, 135 A.2d 638 (1957), *cert. denied,* 356 U.S. 940, 78 S. Ct. 784, 2 L. Ed. 2d 816 (1958).

In *Jackson, supra* we set forth the criteria to be followed in determining if an abuse had occurred.

> To show such an abuse of discretion and prejudice for failure to continue a case because of the absence of witnesses, the party requesting the continuance should show: that he had a reasonable expectation of securing the evidence of the absent witness or witnesses within some reasonable time; that the evidence was competent and material, and he believed that the case could not be fairly tried without it; and that he had made diligent and proper efforts to secure the evidence. [*Id.* at 459.]

Applying these factors to the instant case leads to the inescapable conclusion that the trial judge acted within the bounds of his discretion.

First, we note that the record does not reflect a diligent effort to secure the witness. Almost a month before trial, during his initial discussion with the appellant, the defense counsel (not appellant's counsel on appeal) was informed about the little girl. Yet no effort was made to locate her. Several of the other witnesses, including the victim, could have supplied defense counsel with information as to the girl's whereabouts; however, they were never contacted prior to trial regarding this matter.

Because he had never spoken with the witness, defense counsel was unable to proffer her testimony to establish its materiality, relevancy and competency. Absent such a

proffer, there was no basis to grant a continuance. *See McKenzie v. State, supra.* Nor may we conclude that the missing testimony was vital to the defense or necessary for a fair trial. The likelihood is equally as strong that the testimony would have corroborated the State's evidence, and it would have been improper for the trial court to speculate.

Finally, appellant was unable to offer any indication of when the witness could be obtained. Without some reason to believe that the testimony could be obtained within a reasonable time, the trial judge had no reason to grant a continuance. *Taylor v. State, supra.* Thus appellant failed to satisfy any of the requisite criteria.

## II.

The appellant next contends that the trial court erred in allowing the State to introduce as rebuttal evidence statements made by him to the police while in custody and also maintains that the State should not have been permitted to cross examine him with regard to those statements for purposes of impeachment. The basis for appellant's contention is that because there was no reference to these statements during his direct testimony, they were not proper rebuttal material. The evidence, the appellant contends, should have been presented, if at all, during the State's case in chief. We need not decide the merits of this contention for the simple reason that appellant failed to object. Nevertheless, we shall explain our position.

At the outset of the trial, the prosecutor disclosed the existence of the statements to defense counsel who orally moved to suppress and noted his earlier written motion to suppress. The only ground advanced for this motion was that the statements "were taken in direct violation of his constitutional rights," *i.e.,* that the statements were involuntary. At the close of the suppression hearing the trial judge ruled the statements to be voluntary. Appellant's subsequent objections to the introduction of the statements were for the purpose of preserving the voluntariness issue for appellate review or were directed to other specific

matters which were not related to the question of what constitutes proper rebuttal material. Indeed during the State's rebuttal case, the appellant made no objection in regard to the nature or scope of the evidence.

The teaching of our cases is that where specific grounds are delineated for an objection, the one objecting will be held to those grounds and will ordinarily be deemed to have waived grounds not specified. *Mays v. State,* 283 Md. 548, 554, 391 A.2d 429 (1978); *State v. Kidd,* 281 Md. 32, 38-39, 375 A.2d 1105 (1977); *von Lusch v. State,* 279 Md. 255, 263, 368 A.2d 468 (1977). Here appellant objected to the introduction of these statements on the ground that they had been taken involuntarily in violation of his constitutional rights. He did not object on the ground that the statements were improper material for rebuttal and he is deemed to have waived that point. Accordingly the issue has not been preserved for appeal. Md. Rule 885.

### III.

Appellant's final contention is that the trial court erred in not granting an *appropriate* continuance as a result of the State's failure to provide the appellant with appellant's in-custody statements. Several months before trial, the defense filed a discovery motion which included a request for statements of the appellant which the State intended to use at trial. The State answered that no statements had been made. Just before the trial, the State informed defense counsel that it had for the first time that very morning been informed by the police of statements made by the appellant to the police. However, the State still did not disclose the contents of the statements and persisted in withholding the evidence until ordered to supply it to counsel by the trial judge.

Rule 741 [1] provides for discovery of the defendant's

---

1. Md. Rule 741 provides in pertinent part:

 b. *Discovery by the Defendant.*

 Upon the request of the defendant, the State shall:
 * * *

statements. The State's failure to disclose the statements constituted a clear failure to comply with that rule. Subsection (g) provides the aggrieved party with the opportunity to request an appropriate sanction including, *inter alia,* an appropriate continuance or even a prohibition against the introduction of the matter into evidence.

It is not for us to decide here whether the remedy which the trial court granted was appropriate under the circumstances. The simple fact is that the appellant was granted the only protection he requested. He got all he asked for and his failure to ask for more resulted in a waiver of his right to complain on appeal. Md. Rule 885.

The record reveals that subsequent to the court's ordering the State to furnish the defense with appellant's statements, the following colloquy took place:

Court: Otherwise are we ready to resume with the defendant's case?

Defense Attorney: No, Your Honor. I would like to read this piece of paper that I have just gotten and I would object to

---

2. Statements of the Defendant.

As to all statements made by the defendant to a State agent which the State intends to use at a hearing or trial, furnish the defendant: (a) a copy of each written or recorded statement and (b) the substance of each oral statement and a copy of all reports of each oral statement.

\* \* \*

g. *Protective Orders.*

Upon motion and for good cause shown, the court may order that specified disclosures be restricted. If at any time during the proceedings it is brought to the attention of the court that a party has failed to comply with this Rule or an order issued pursuant to this Rule, the court may order that party to permit the discovery of the matters not previously disclosed, strike the testimony to which the undisclosed matter relates, grant a reasonable continuance, prohibit the party from introducing in evidence the matter not disclosed, grant a mistrial, or enter any other order appropriate under the circumstances. All material and information to which a party is entitled must be disclosed in time to permit beneficial use thereof.

any statement for the simple reason that the State had stated that there were made no statements or confessions. And according to Rule 741, disclosure without request, they should have given me that. And I realize he is giving it to me now and right now *I'm unprepared at this particular stage until I go through the statement, and I request the Court to grant a continuance until 2:00 o'clock* where I can check this other witness out.

The court granted a continuance until 2:00 that afternoon. Never did the appellant ask for any other continuance with respect to this matter nor did he request the imposition of any greater sanction because of the State's conduct. Furthermore, he did not subsequently object to the introduction of the statements on the grounds that the State had failed to comply with Rule 741. Accordingly, appellant is foreclosed from requesting any further remedy on appeal.

For the foregoing reasons, the judgment of the trial court is affirmed.

> *Judgment of the Criminal Court of Baltimore affirmed; appellant to pay the costs.*