474 A.2d 517

**Arthur Chester MORGAN**

**v.**

**STATE of Maryland.**

**No. 32, Sept. Term, 1984.**

Court of Appeals of Maryland.

May 3, 1984.

Michael R. Murphey, Washington, D.C., for appellant.

Ann E. Singleton, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the answer to petition), for appellee.

Submitted to MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

ELDRIDGE, Judge.

The petitioner, Arthur Chester Morgan, was convicted in the Circuit Court for Prince George's County of second degree murder, assault with intent to murder, and use of a handgun in the commission of a felony. The principal matter presented in Morgan's petition for a writ of certiorari is whether the charges should have been dismissed be-

cause of an alleged violation of Maryland Code (1957, 1982 Repl. Vol.), Art. 27, § 591, and Rule 746, which require that a circuit court criminal trial be held within 180 days of arraignment or the first appearance of counsel unless the time is extended in accordance with the statute and rule.

Morgan was arraigned in the circuit court, and his counsel's appearance was entered, on November 13, 1981. The 180-day period for trying the case, therefore, expired on May 12, 1982. The first assigned trial date was February 24, 1982, but this was postponed upon the State's motion. On March 1, 1982, the Assignment Office selected a new trial date of April 19, 1982.

The case was called for trial on Monday, April 19, 1982, before Judge Femia. After the State's witnesses were excluded upon the defense's motion, the attorney for the defendant made an oral motion to suppress certain evidence. The defendant's attorney represented to the court that, on the previous Wednesday or Thursday, the prosecuting attorney had telephoned the defendant's attorney and informed him that the State might present at trial certain evidence which had not previously been disclosed during discovery. This evidence consisted of the testimony of two additional witnesses, and a handgun, which had just been found, and upon which tests were being conducted. The defendant's attorney also said that on the previous Friday he received an FBI analysis report concerning the handgun, and that on the morning of trial he received a written statement by one of the State's potential additional witnesses. The defendant's attorney stated that, in light of this new evidence, there had been a "dramatic change" in the case. He sought to exclude the evidence under Maryland Rule 741 and principles of due process. The defense attorney emphasized, however, that he was not seeking a postponement of the trial date.

Judge Femia denied the motion to suppress and *sua sponte* ordered a postponement of the trial, saying:

"THE COURT: Well, I think the proper way to dispose of this is for the Court to continue it on its own, to insure that justice is indeed played out, so that the defendant is not chargeable with a continuance. That's my gut reaction of what to do. I'm not sure why I'm doing it, because what difference does it make? If I continue it, I'll continue it because good cause obviously has been shown to the Court why this case should be continued. The State inside of the last seven days has come up with extremely damaging evidence, and has an absolute right to use same. But by the same token, the defendant has a right to look into that evidence, also. I just can't tell you why I do it on a Court's motion, as opposed to forcing the defense to ask for it. It just seems fairer to do it on the Court's motion.

"It would seem to me that it will insure the fairness of the proceedings to give you the opportunity to fully investigate the information, and at the same time insuring that the State will have an opportunity to use the information, which apparently they're prepared to go forward with today. So, I will continue this matter on my own motion.

"However, I want you to go down right now and get a new court date. How much time do you need to investigate this information?"

After some discussion concerning the amount of time needed for investigation concerning the new evidence, Judge Femia suggested that both attorneys attempt to have a new trial date assigned which would be within the 180-day period for trial. The defendant's attorney replied that "[w]e can try" but suggested that, because "Your Honor ruled good cause," it was not necessary to obtain a date within the 180-day period.

The next assigned trial date was May 26, 1982, which was fourteen days beyond the 180-day period under § 591 and Rule 746. Prior to May 26th, the defendant had filed a motion to dismiss because of an asserted violation of § 591 and Rule 746. After the case was called for trial on May

26th, and following argument and a ruling on a motion to quash a subpoena, the defendant's attorney presented argument in support of his motion to dismiss. The violation of § 591 and Rule 746 alleged by the defendant's attorney was that good cause did not exist for the April 19th postponement. The basis for the claim was that the prosecuting attorney's representations on April 19th, that the additional evidence was "newly discovered," were not accurate. The defendant's attorney conceded that there would have been "good cause" for a postponement if the representations made to Judge Femia had been true, but the defendant's attorney argued that he had subsequently discovered that the representations were false. In addition to extensive argument, the defense made a proffer of evidence to support its contention. In the defendant's motion, in the oral argument, and in the evidentiary proffer, there was no intimation of any claimed violation of § 591 and Rule 746 other than the alleged absence of good cause.

The prosecuting attorney made a detailed response to the defense argument, designed to show that the State's representations on April 19th had been accurate and that, therefore, good cause had existed for the April 19th postponement. The trial judge then denied the motion to dismiss on the ground that the April 19th postponement had been supported by good cause.

The trial proceeded on May 26, 27, 28 and June 1, 1982, and the defendant Morgan was convicted. On appeal he raised five issues before the Court of Special Appeals. One of them was that the trial judge had erred in denying the motion to dismiss based on an asserted violation of § 591 and Rule 746. In this connection he argued (defendant's brief in the Court of Special Appeals, p. 26):

"Appellant contends that the ordering of a continuance by Judge Femia on April 19, 1982, violated Article 27, § 591 on two grounds. First, there was no showing on the record that Judge Femia was vested with the authority to order such a continuance, and, second, there was no

showing of 'good cause' for the continuance, as required by the statutes.

"Article 27, § 591(a) provides that the trial date will only be continued 'with the permission of the administrative judge of the court where the matter is pending.' Rule 746(b) provides that only 'the county administrative judge or a judge designated by him' may continue a trial date beyond the 180-day prescribed period. There is no indication on the record that Judge Femia had been designated by the county administrative judge to continue such matters (R.101).[3] Without said designation Judge Femia did not have the authority to continue the April 19, 1982 trial date."

---

"[3] Appellant asks this Court to take judicial notice of the fact that the Honorable William H. McCullough is and was the County Administrative Judge for Prince George's County at all times relevant to these proceedings."

The Court of Special Appeals affirmed in an unreported opinion. The intermediate appellate court first held that there was good cause for the postponement from April 19th to May 26th. In rejecting the defendant's contention based on the failure of the record to show that Judge Femia was authorized to grant the April 19th postponement, the Court of Special Appeals indicated that the defendant had the obligation in the trial court of proving that Judge Femia had not been the designated administrative judge. Alternatively, the Court of Special Appeals held "that the dismissal sanction is not appropriate when an otherwise valid continuance is granted by a judge other than the administrative judge or his designee."

In his petition for a writ of certiorari, the defendant repeats the contention made in the Court of Special Appeals that there were two distinct violations of § 591 and Rule 746. Thus the first two questions presented in the certiorari petition are as follows:

"*Questions Presented for Review*

"I.  Whether the Court of Special Appeals erred in holding that good cause was shown to justify a postpone-

ment of petitioner's trial beyond the time period prescribed by Maryland Rule 746 and Article 27, Section 591 of the Maryland Code?

"II.  Assuming *arguendo* that good cause was shown to warrant a continuance, whether the Court of Special Appeals erred in holding, in the absence of any evidence on the record, that the trial court was vested with the authority, as required by Maryland Rule 746 and Article 27, Section 591 of the Maryland Code, to order a continuance of Petitioner's trial beyond the prescribed 180 day period?"

The petition also presents a third issue unrelated to § 591 and Rule 746. We have granted the petition, limited to the matter set forth in the first two questions presented. In our order granting certiorari, however, we have re-framed the second question as follows:

"Whether the affirmance of petitioner's convictions was erroneous in light of petitioner's contention, on appeal, that the record failed to show that the postponement of April 19, 1982, was ordered by the administrative judge or his designee?" [1]

We shall summarily affirm.

### (1)

With respect to the first question, the defendant repeats the argument that various representations made by the State to the court on April 19, 1982, were subsequently discovered to be inaccurate, and that, for this reason, there was not good cause for the postponement ordered on April 19th.

---

1. Maryland Rule 813 a states as follows (emphasis added):
   "Rule 813.  Scope of Review.
      a.  *Where Prior Appellate Decision Rendered.*
      In cases where a decision has been rendered by the Court of Special Appeals or by a circuit court on appeal from the District Court, this Court will ordinarily consider only the issues which have been raised in the petition and any cross petition for certiorari and which have been preserved for appellate review, *unless otherwise provided by the order granting the writ of certiorari.*"

488

■ Recently in *State v. Frazier*, 298 Md. 422, 453–454, 470 A.2d 1269 (1984), we held that when the trial court or an appellate court is reviewing the finding, by the administrative judge or his designee, of "good cause" to postpone a trial, the standard of review is whether the administrative judge or his designee clearly abused his discretion in deciding that a postponement was warranted. When the "good cause" question concerns the need for a postponement, as opposed to the length of delay until the new trial date, this "clear abuse of discretion" standard of review necessarily relates to what is before the administrative judge or his designee at the time the postponement is ordered. Under the principles of *Frazier*, the question in this case is whether Judge Femia clearly abused his discretion on April 19th in finding good cause for a postponement. The question is not whether a trial judge or an appellate court, in light of alleged facts discovered after April 19th, might, in the exercise of hindsight, believe that there had not been good cause for postponing the trial.

■ Assuming, solely for purposes of argument, that some of the representations made by the State on April 19th were later shown to be inaccurate, this is simply irrelevant to the "good cause" question under § 591 and Rule 746. In light of what was before Judge Femia on April 19th, it cannot rationally be concluded that he clearly abused his discretion in ordering a postponement of the trial.

(2)

■ If the postponement of the trial from April 19, 1982, to May 26, 1982, were not ordered by the administrative judge or his designee as required by § 591 and Rule 746, dismissal of the charges for such violation of the statute and rule would ordinarily be the appropriate sanction. *State v. Frazier, supra*, 298 Md. at 449–450 n. 20, 470 A.2d 1269; *Calhoun v. State*, 299 Md. 1, 472 A.2d 436 (1984); *Farinholt v. State*, 299 Md. 32, 37–38 n. 2, 472 A.2d 452 (1984); *Grant v. State*, 299 Md. 47, 53–54, 472 A.2d 459 (1984). In addition, it would appear that the record in this

case may have been sufficient to create a prima facie case of noncompliance with the requirement that postponement of the trial date must be by the administrative judge or his designee, thereby shifting the burden upon the prosecution to introduce evidence of compliance. It is clear that Judge Femia was not the administrative judge. Moreover he was sitting on April 19, 1982, as the trial judge in the case. Finally, nothing in the record suggests that Judge Femia had been designated acting administrative judge for purposes of § 591 and Rule 746. *See Grant v. State, supra,* 299 Md. at 53, 472 A.2d 459 (holding that the record established a prima facie case of noncompliance with the requirement that the postponement be effected by the administrative judge or his designee).

Nevertheless, the Court of Special Appeals' affirmance of the defendant's convictions was proper. As previously discussed, the defendant's motion to dismiss under § 591 and Rule 746 was based entirely upon the alleged lack of good cause for the postponement on April 19, 1982. The defendant delineated this specific alleged violation in detail, without the slightest suggestion of any other possible violation of § 591 and Rule 746. In fact, earlier on April 19th the defendant's attorney seemed to concede that, if Judge Femia's order postponing the trial was supported by good cause, § 591 and Rule 746 would not be violated by assignment of a trial date beyond the 180-day deadline. Because the defendant's motion, argument and proffer were based solely on the asserted lack of good cause, the prosecuting attorney's response on May 26, 1982, was understandably limited to the matter of good cause for the April 19th postponement. The trial judge's ruling was likewise confined to the good cause point.

Moreover, this is not a case where it is clear that § 591 and Rule 746 were violated on the ground that the postponement beyond 180 days was not ordered by the administrative judge or his designee. At most the record establishes a prima facie case of such violation. If the

defendant had raised this alleged violation in the trial court, the prosecuting attorney may have been able to show that Judge Femia had been designated acting administrative judge for a period covering April 19th. *Cf. Carey v. State,* 299 Md. 17, 21 n. 2, 472 A.2d 444 (1984). Alternatively, the trial judge on May 26th may have known whether or not Judge Femia had been designated as acting administrative judge. This is a matter of which judicial notice could have been taken. *See State v. Frazier, supra,* 298 Md. at 430 n. 5, 470 A.2d 1269.

Under the circumstances of this case, the defendant was not entitled to raise in the Court of Special Appeals, as a ground for reversal, the claim that § 591 and Rule 746 were violated because Judge Femia was not the designated administrative judge on April 19, 1982.[2] *See, e.g., Calhoun v. State,* 297 Md. 563, 601, 468 A.2d 45 (1983); *Jackson v. State,* 288 Md. 191, 196, 416 A.2d 278 (1980); *Mays v. State,* 283 Md. 548, 554, 391 A.2d 429 (1978); *von Lusch v. State,* 279 Md. 255, 263, 368 A.2d 468 (1977); *Goodman v. State,* 178 Md. 1, 7, 11 A.2d 635 (1940); *Buckey v. White,* 137 Md. 124, 131, 111 A. 777 (1920).

JUDGMENT AFFIRMED, WITH COSTS.

DAVIDSON, J., dissents.

---

2.  Of course, if the defendant had been the appellee in the Court of Special Appeals and had been seeking to sustain the trial court's judgment, the scope of his permissible argument would have been greater. *Grant v. State, supra,* 299 Md. at 53 n. 3, 472 A.2d 459.