497 A.2d 479

**Charles Allen BRECKER**

v.

**STATE of Maryland.**

**No. 70, Sept. Term, 1984.**

Court of Appeals of Maryland.

Sept. 13, 1985.

Mark Colvin, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Diane G. Goldsmith, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on brief), for appellee.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and EDWARD D. HIGINBOTHOM, Associate Judge of the Third Judicial Circuit (retired), Specially Assigned.

COLE, Judge.

We granted certiorari in this case to determine whether appellant received an illegal sentence and whether a sentencing judge may order a defendant to make restitution and to reimburse the State for court costs and services rendered by the Public Defender without first inquiring into the defendant's ability to do so. In light of the mootness doctrine and Maryland rule 885, we will be unable to address the merits of either contention.

The relevant facts may be briefly stated. A jury sitting in the Circuit Court for Kent County found appellant guilty of various offenses in connection with a crime spree at a Chestertown drug store during the early morning hours of August 6, 1982. Specifically, the jury found appellant guilty of storehouse breaking and stealing, storehouse breaking with intent to steal, theft, malicious destruction of property, and driving an automobile while his license was cancelled, suspended, refused, or revoked. The trial court originally sentenced appellant to a total of sixteen years' imprisonment, eight years of which the trial court suspended on the condition that appellant successfully complete five years' probation following his release from imprisonment.

While this case was pending before us, the trial court revised appellant's sentence so as to comport with the ten year statutory limit set forth in Md. Code (1957, 1982 Repl.Vol.), Art. 27, § 33. In particular, the trial court decreased appellant's sentence to a total of eleven years' imprisonment, eight years of which the court again suspended on the condition that appellant successfully complete five years' probation following his release from imprisonment. Of this eleven year sentence, one year is for the traffic offense mentioned above.

■ The parties are in agreement that the revised sentence comports with Maryland law. As a result, the issue concerning the legality of appellant's original sentence is now moot, and we thus dismiss that issue under Md. Rule 835 a. 6.[1] The remaining issue, which deals with whether a court must first inquire into a defendant's ability to pay before ordering restitution or reimbursement for legal services and court costs, had its genesis in the conditions of probation established by the court in a probation order. It is to this probation order that we now turn.

As terms and conditions of probation, the trial court ordered appellant to reimburse the State for court costs ($70) and for services rendered by the Public Defender ($750). In addition, the trial court ordered restitution in the amount of $1,036.76, less any payments made by appellant's co-defendant, up to one-half of that amount. The trial court further directed that these payments be made in such installments as determined by the Division of Parole and Probation (Division), and that these payments be satisfied in full within two years of appellant's release on probation.

---

1. Maryland Rule 835 a. 6. provides:
   a. *On Motion.*
      An appeal may be dismissed on motion filed by any party or by the Court of its own motion for any one of the following reasons:
      \*    \*    \*    \*    \*    \*
   6. The case has become moot.

At no time did the trial court make any inquiry into appellant's ability to pay.

On appeal to the Court of Special Appeals that court rejected appellant's various arguments in an unreported per curiam opinion filed February 27, 1984. In particular, that court summarily rejected appellant's argument that the trial court erred by not inquiring into appellant's ability to pay before ordering restitution and reimbursement for legal services and court costs. The intermediate appellate court reasoned that appellant had failed to preserve that argument for appellate review in accordance with Md. Rule 1085. We agree.

Appellant contends that the trial court erred in ordering him to make restitution and to reimburse the State for court costs and legal fees without first inquiring into his ability to do so. According to appellant, the order to make restitution and to reimburse the State for court costs must be vacated because the trial court failed to consider various factors pointing to appellant's inability to make these payments. With respect to reimbursement of legal fees, appellant argues that the trial court failed to comply with Md. Code (1957, 1983 Repl.Vol.), Art. 27A, § 7(g),[2] which appellant asserts imposes an obligation upon the court to inquire into, and make a finding concerning, the defendant's ability to pay.

We are unable to reach these arguments on their merits for two related reasons. First, our cases have consistently stated that when an objector sets forth the

---

2. Md. Code (1957, 1983 Repl.Vol.), Art. 27A, § 7(g) provides:
    (g) A court exercising criminal jurisdiction shall order a defendant to reimburse the State for services rendered to the defendant by the Public Defender as a term or condition of any sentence, judgment, or probation imposed by it unless the court affirmatively finds that the defendant does not have the ability to make such reimbursement and waives the term or condition. The amount, time, and method of payment shall be established by the court. In all other cases of reimbursement for services rendered, collection shall be made in accordance with subsection (f).

specific grounds for his objection, although not requested by the court to do so, the objector will be bound by those grounds and will ordinarily be deemed to have waived other grounds not specified. *See, e.g., Thomas v. State,* 301 Md. 294, 328, 483 A.2d 6, 23 (1984), *cert. denied,* 470 U.S. ——, 105 S.Ct. 1856, 85 L.Ed.2d 153 (1985); *Jackson v. State,* 288 Md. 191, 196, 416 A.2d 278, 282 (1980); *State v. Kidd,* 281 Md. 32, 39, 375 A.2d 1105, 1110, *cert. denied,* 434 U.S. 1002, 98 S.Ct. 646, 54 L.Ed.2d 498 (1977); *von Lusch v. State,* 279 Md. 255, 263, 368 A.2d 468, 472 (1977). Here, appellant objected to the *amount* of the restitution at the May 11, 1983 sentencing hearing because (1) the presentence investigation report did not contain the amount of the restitution, and (2) there was no evidence that federal law required that recovered stolen drugs be destroyed. He did not, however, object because the trial court made no inquiry into appellant's ability to pay before ordering restitution and reimbursement of legal fees and court costs. Thus, in accordance with "well settled" Maryland law, *Thomas v. State, supra,* 301 Md. at 328, 483 A.2d at 23, appellant is considered to have waived the point he now argues.

Second, Md. Rule 885 provides that "[t]his Court will not ordinarily decide any point or question which does not plainly appear by the record to have been tried and decided by the circuit court[.]" Although under specified circumstances this Court will decide an issue not raised at trial, *see, e.g., State v. Raithel,* 285 Md. 478, 484, 404 A.2d 264, 267 (1979) (decide case on point not previously raised to avoid resolving constitutional issue); *Potter v. Bethesda Fire Dep't, Inc.,* 302 Md. 281, 285, 487 A.2d 288, 290 (1985) (jurisdictional issues and certain other matters of fundamental public policy, if brought to our attention by a party or *sua sponte* ); *Grant v. State,* 299 Md. 47, 53 n. 3, 472 A.2d 459, 462–63 n. 3 (1984) (record is adequate and the decision furnishes an alternate ground for affirming the judgment); *Squire v. State,* 280 Md. 132, 134–35, 368 A.2d 1019, 1020 (1977) (the Court, in its discretion and in the interests of justice, may decide a point argued by appellant

for the first time on appeal), this case does not, as we see it, fall within any of these circumstances.

Our recent decision in *Walczak v. State*, 302 Md. 422, 488 A.2d 949 (1985), does not compel a contrary conclusion. In that case, we held that a probation order was illegal to the extent that it conditioned Walczak's probation on the payment of restitution in excess of the amount due one of his victims, Esther Mary Gardner. Walczak was convicted of robbery of Gardner with a deadly weapon, but the State nol prossed several counts charging him with the commission of various crimes against another victim, Judith Lee Martin. Because Walczak was not convicted of any crime with respect to Martin, we explained that the trial court exceeded its statutory authorization in sentencing Walczak to pay restitution to the victim of a crime (Martin) of which he was not convicted. In reaching this conclusion, we noted that Walczak's failure to object at trial to paying restitution to both victims or to the amount ordered did not constitute a waiver of the right to argue that issue before this Court. Specifically, we held "that when the trial court has allegedly imposed a sentence not permitted by law, the issue should ordinarily be reviewed on direct appeal even if no objection was made in the trial court." *Id.* at 427, 488 A.2d at 951.

The exception to Md. Rule 885 we articulated in *Walczak* has no application to the case *sub judice*. Here, unlike in *Walczak*, appellant does not contend that the order to pay restitution and to reimburse the State for legal fees and court costs as conditions of probation constitutes an illegal sentence. In addition, the probation order in this case was based on a crime of which appellant was convicted. By contrast, the probation order in *Walczak* was not based on a crime of which the defendant was convicted.

Finally, it bears mentioning that our decision in *Coles v. State*, 290 Md. 296, 429 A.2d 1029 (1981), nowhere suggests that a defendant does not have to object at trial when the court fails to conduct an inquiry into the defendant's ability

to make restitution or reimburse the State for legal fees and court costs for the purpose of preserving that issue for appellate review. In our view, the failure to make a timely objection constitutes a waiver of that particular issue and, as a result, we may not consider it.[3]

Based on the foregoing, we conclude that appellant failed to preserve the restitution and reimbursement issues for appellate review. Accordingly, we affirm the judgment of the Court of Special Appeals.

JUDGMENT AFFIRMED.

APPELLANT TO PAY THE COSTS.

---

**3.** Our disposition of this issue under our cases and Md. Rule 885 does not leave appellant without a remedy. Maryland Rule 4–346(b), set forth below, provides that a defendant may seek modification of any condition of probation during the period of probation:

(b) Modification of Probation Order. —During the period of probation, on motion of the defendant or of any person charged with supervising the defendant while on probation or on its own initiative, the court, after giving the defendant an opportunity to be heard, may modify, clarify, or terminate any condition of probation, change its duration, or impose additional conditions.

Nothing in this Rule, of course, precludes the defendant from challenging the terms and conditions of his probation order immediately upon his release on probation.