529 A.2d 847

**STATE of Maryland**

v.

**Wilson ROBERTSON, Jr.**

**No. 1388, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

Sept. 2, 1987.

Ann E. Singleton, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Alexander Williams, Jr., State's Atty. for Prince George's County, and Roger Milstead, Asst. State's Atty. for Prince George's County, on the brief, Upper Marlboro), for appellant.

Leonard R. Stamm (Alan J. Goldstein, P.A., on the brief), Greenbelt, for appellee.

Argued before WEANT and BISHOP, JJ., and W. ALBERT MENCHINE, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

BISHOP, Judge.

On October 23, 1986, the Circuit Court for Prince George's County dismissed all criminal charges against Wilson Robertson, Jr. on the ground that a violation of Maryland Rule 4–271 had occurred. The State of Maryland challenges the circuit court's dismissal by raising one issue: "Whether the trial court clearly erred in dismissing the charges under Rule 4–271 because a judge other than the administrative judge had postponed the case for good cause shown?" For the reasons stated below, we shall affirm the lower court's decision.

## FACTS

Appellee was indicted by the Grand Jury for possession of cocaine with intent to distribute, possession of cocaine, theft of property having a value of over $300.00, unlawfully transporting a handgun in a vehicle, and driving a motor vehicle while under the influence of a combination of drugs and alcohol. Appellee's attorney entered his appearance on June 4, 1984. Accordingly, the 180–day period for trying the case would expire on December 3, 1984.[1] MD.ANN. CODE art. 27, § 591 (1982 and 1986 Cum.Supp); Md.Rule 4–271(a).

Trial was set for September 24, 1984. On that day, appellee failed to appear because the District of Columbia was holding him in custody on other charges and had refused to honor Prince George's County's writ of habeas corpus ad prosequendum. The trial court was unable to proceed with the trial and ordered the clerk to "show it [the case] out of assignment." No further action was taken in the case until November 27, 1984, six days before the expiration of the 180–day deadline. At that time, the State requested in writing that the clerk set a new date for

---

1. Counting from June 5, 1984, the day following the appearance of Robertson's counsel, the expiration date actually fell on Saturday, December 1, 1984. The next open court day was Monday, December 3, 1984. See Md.Rule 1–203(a).

motions and trial since "[t]he defendant is incarcerated in the District of Columbia, but he is available for trial in this case."

On December 21, 1984, nine days after the expiration of the deadline, the assignment office of the circuit court responded to the State's request by scheduling pretrial motions for February 20, 1985 and trial for March 18, 1985. The State again sought to obtain appellee's appearance through writ of habeas corpus ad prosequendum to the United States Marshal for the District of Columbia. The District of Columbia, however, again refused to honor the writ and the trial court again ordered the case "out of assignment." At no time before the expiration of the 180 days did the State seek postponement of the case by the administrative judge or his designee.

It was not until the beginning of October 1986 that the State was able to obtain temporary custody of Robertson. On October 20, 1986, defense counsel moved in open court to dismiss the charges against appellee because, *inter alia,* Robertson "ha[d] been denied a trial date within 180 days of the appearance of counsel ... in violation of Maryland Rules of Procedure, Rule 4–271." On October 23, 1986, Judge William H. McCullough dismissed the State's case against appellee for failing to try the case within the 180-day limit or to obtain from the administrative judge or his designee a postponement for good cause. On appeal the State challenges the circuit court's dismissal.

### 180–Day Deadline

Both statute and rule in Maryland impose an 180-day deadline by which the State must bring a criminal defendant to trial. The statute provides:

Within two weeks after the arraignment of a person accused of a criminal offense, or within two weeks after the filing of an appearance of counsel or the appointment of counsel for an accused in any criminal matter, whichever shall occur first, a judge or other designated official of the Circuit Court or the Criminal Court of Baltimore

City in which the matter is pending, shall set a date for the trial of the case, which date shall be not later than 180 days from the date of the arraignment of the person accused or the appearance or the appointment of counsel for the accused whichever occurs first. The date established for the trial of the matter shall not be postponed except for good cause shown by the moving party and only with the permission of the administrative judge of the court where the matter is pending.

MD.ANN.CODE art. 27, § 591 (1982).[2] Similarly, the rule states:

The date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4–213, and shall be not later than 180 days after the earlier of those events. On motion of a party, or on the court's initiative, and for good cause shown, the county administrative judge or that judge's designee may grant a change of a circuit court trial date.

Md.Rule 4–271(a). In addition to imposing an 180–day deadline, both the statute and the rule require that the moving party must show good cause before a trial may be postponed beyond the prescribed time limit and that only the administrative judge or his designee may grant a postponement.

■ The State bases its appeal on an interpretation of the latter requirement: that no one but the administrative judge or his designee may postpone the trial beyond the 180–day period. Conceding that a judge who was neither the administrative judge nor his designee ordered the postponement on September 24, 1984, the State nonetheless argues that dismissal was not the appropriate sanction. This argument is without merit. Courts in Maryland must

---

2. 1987 Md.Laws 222, effective July 1, 1987, amends MD.ANN.CODE art. 27, § 591 so that the language of section 591 more closely conforms to the language of Rule 4–271. Rule 1200(d) provides that in Baltimore City the circuit administrative judge has all the powers and duties of a county administrative judge.

adhere strictly to the requirement that postponement of a criminal trial be approved by the administrative judge or his designee. Moreover, dismissal is an appropriate sanction. *See e.g., Morgan v. State,* 299 Md. 480, 488, 474 A.2d 517 (1984); *Farinholt v. State,* 299 Md. 32, 37–38 n. 2, 472 A.2d 452 (1984); *Calhoun v. State,* 299 Md. 1, 8–9, 472 A.2d 436 (1984); *State v. Frazier,* 298 Md. 422, 449–50 n. 20, 453–54, 470 A.2d 1269 (1984).

Although this Court could simply dispose of the case on this point, we believe such action would be inappropriate. The State's argument is predicated on a factual scenario that the record does not support. In particular, the record reveals that on September 24, 1984, the trial judge did not order the case postponed beyond the 180–day period. In the context of section 591 and Rule 4–271, "postponement" of a trial is a term of art, which requires the satisfaction of three conditions:

First: a party or the court sua sponte *must request the postponement.*

Second: good cause must be shown by the moving party.

Third: the County Administrative Judge, or a judge designated by him, must approve the extension of the trial date.

*State v. Farinholt,* 54 Md.App. 124, 129, 458 A.2d 442 (1983), *aff'd,* 299 Md. 32, 472 A.2d 452 (1984); *accord Calhoun v. State,* 52 Md.App. 515, 451 A.2d 146 (1982). At the proceeding in the case *sub judice,* no request was made for a delay beyond the 180–day period. Moreover, the State presented no evidence that the defendant would continue to be unavailable. Rather, the only evidence before the court was that the District of Columbia had refused to honor the writ of habeas corpus ad prosequendum, thus making it impossible to try the case on that day. And finally, the court did not approve the extension beyond the 180–day period. According to its own words, the circuit court simply directed that the clerk "show it [the case] out of the assignment."

This assessment of the facts comports with the factual determination of Judge McCullough when he granted appel-

lee's motion for dismissal on October 23, 1986. At that hearing, defense counsel framed the issue in terms of whether the administrative judge ordered postponement of the trial beyond the 180–day limit:

> We have conceded good cause. I think that is what really Your Honor's concern goes to. The question we are addressing is which judge should make that decision on behalf of the Court.

Although Judge McCullough agreed that this was an important issue, the record reveals that the Judge did not base his ultimate decision to dismiss the case on that point. Rather, the Judge based his ruling solely on the fact that the 180–day period had expired without the State's bringing the case to trial or obtaining a good cause postponement. Specifically, Judge McCullough found that

> No Judge made the decision [to postpone] in this case.... This thing just slipped through the cracks, taken out of assignment on September 24, and somebody finally got back to this file and set a trial date.

Similarly, when explaining the reasons for dismissing the case, Judge McCullough made no reference to the fact that the wrong judge postponed the case on September 24, 1984:

> The Court finds that the defense attorney entered his appearance on June 4, 1984, that the Hicks date would be December 2, 1984. The first trial date was August 21, 1984; was continued at the defendant's request because the defense attorney had a conflict in scheduling. The second trial date was 9–24–84. A writ was issued for the defendant's appearance. The District of Columbia fails to honor the writ. Judge Johnson on that date took it out of the assignment. By line filed on November 27, within Hicks, Mr. Harvey asked the Clerk of the court to schedule the case. He says that the defendant is incarcerated in the District of Columbia, but he is available for trial in this case. While it's obvious that when that line was filed on November 27, 1984, that this case could not have possibly been scheduled by December 2, 1984,[3] the Hicks

---

3. The actual deadline was December 3, 1984. See footnote 1.

date, nevertheless the assignment office as a result of that line, that is how the trial date got scheduled. As a result of that line from Mr. Harvey, the assignment office then pulled this jacket, and on December 2, 1984, was past Hicks; scheduled the trial of this case for March 18, 1985.

The Court concludes that the case was not scheduled within Hicks, that that is fatal to the prosecution of this case. This case is dismissed because of the failure to comply with Hicks.

This language demonstrates that the circuit court on September 24, 1984 did not dismiss the case, as the State characterizes, on the ground that the wrong judge approved the postponement beyond the 180–day deadline. Rather, the court based its dismissal on the fact that *no judge* approved a postponement beyond the expiration of the time limitation.

 When Robertson failed to appear on September 24, 1984, the trial court was unable to proceed with the trial. The proper course of action for the court would have been to refer the case to the administrative judge, who alone possessed the authority to postpone a case for good cause regardless of whether the postponement carried the case beyond the 180–day period. We hold that both the rule and the statute explicitly limit the authority to the administrative judge to grant any postponement. MD.ANN.CODE art. 27, § 591 provides:

The date established for the trial of the matter shall not be postponed except for good cause shown by the moving party and only with the permission of the administrative judge of the court where the matter is pending.

Md.Rule 4–271(a) provides:

On motion of a party, or on the court's initiative, and for good cause shown, the county administrative judge or that judge's designee may grant a change of a circuit court trial date.

The judge failed to follow the rule and the statute and instead ordered the case out of assignment. Obviously,

such an order was insufficient to satisfy the requirements of section 591 and Rule 4–271.

The court's omission on September 24, 1984 would have been of no consequence if the assignment office or other designee of the administrative judge had taken action either to reset the case for trial within the initial period or to refer the matter to the administrative judge for a good cause inquiry.

Without question, the court, acting through its administrative judge, has the responsibility for bringing a defendant to trial within the 180–day limit. *See Chance v. State,* 45 Md.App. 521, 525–26, 414 A.2d 535 (1980). The responsibility, however, is not limited to the court. The State's Attorney was also under the affirmative duty to comply with article 27, section 591 of the Maryland Code and Rule 4–271. *Goins v. State,* 293 Md. 97, 109, 442 A.2d 550 (1982) (refusing to "accept the State's contention that ... it was the defendant's obligation, and not the State's, to insure" compliance with section 591 and Rule 4–271); *State v. Hicks,* 285 Md. 310, 320, 403 A.2d 356 on motion for reconsideration, 285 Md. 334 (1979) ("defendant has no duty to bring himself to trial; the State has that duty ...."). In summary, the State had the duty either to bring the appellant to trial within the 180 days or request a hearing before the administrative judge so that the latter or his designee could have made a good cause determination pursuant to Rule 4–271(a).

In the case *sub judice,* the State's Attorney did neither. Instead, six days before the expiration of the 180–day period, the State requested that the case be scheduled for trial. As Judge McCullough noted, it was virtually impossible on such short notice to try the case before the deadline:

> By line filed on November 27, within Hicks, Mr. Harvey [the State's Attorney] asked the Clerk of the court to schedule the case. ... [I]t's obvious that when that line was filed on November 27, 1984, that *this case could not*

*have possibly been scheduled by December 2, 1984,*[4] *the Hicks date, . . . .*

(emphasis added.)

We appreciate the State's predicament: the defendant was being held in a foreign jurisdiction that had refused to cooperate in the State's efforts in procuring him for trial, but Rule 4–271(a) provides a mechanism by which the State could have extricated itself from this difficult position. From the time the court ordered the case out of assignment on September 24, 1984, the State had ten weeks to try the case. When it became apparent that the State could not obtain appellee within the 180–day deadline, the State's Attorney should have requested a postponement for good cause before the administrative judge. The State's failure to make such a request permitted the time period to expire.

The Court of Appeals has repeatedly held that the 180–day time limit for trying a case is "mandatory". *Goins,* 293 Md. at 100, 442 A.2d 550; *Hicks,* 285 Md. at 318, 403 A.2d 356. When the case has not been tried within that period, and when the State's Attorney has not obtained a good cause postponement of the trial date beyond the 180 days from the administrative judge, "dismissal of the criminal charges is the appropriate sanction." *Id.* Accordingly, we hold that the State's case against appellee was properly dismissed not only because of the action of the trial court but also because of the failure of the administrative assignment process and the failure of the State's Attorney either to try the case within the 180–day period or obtain a good cause postponement from the administrative judge.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.

---

4. See footnote 3.