619 A.2d 166

Gregory MONK

v.

STATE of Maryland.

No. 516, Sept. Term, 1992.

Court of Special Appeals of Maryland.

Jan. 28, 1993.

Melissa M. Moore, Asst. Public Defender (Stephen E. Harris, Public Defender on the brief), Baltimore, for appellant.

Diane Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Stuart O. Simms, State's Atty. for Baltimore City on the brief), Baltimore, for appellee.

Submitted before WILNER, C.J., and ALPERT and FISCHER, JJ.

ALPERT, Judge.

Gregory Monk, convicted by a Baltimore City jury on two drug-related counts, plus an additional count of resisting arrest, appeals, asking us to address the following two questions:

I.  DID THE LOWER COURT ERR IN ITS INSTRUCTIONS AND REINSTRUCTIONS TO THE JURY REGARDING THE LAW OF RESISTING ARREST?

II.  DID THE LOWER COURT ERR IN INSTRUCTING THE JURY REGARDING EVIDENCE THAT DID NOT EXIST?

We answer the first question in the affirmative and, therefore, reverse.

Appellant was observed by a Baltimore City police officer at 12:30 a.m. standing on the street with "his right hand opened ... and ... neon objects ... piled up in the palm of his hand." When the officer approached the appellant, appellant dropped the items to the ground and began to run

eastward. When the officer ran past the area where he observed appellant drop something, he saw "ziplocks" containing white objects on the ground. It was later determined that those objects contained cocaine. A motion to suppress that evidence was denied, the motions judge implicitly finding probable cause for the warrantless arrest. The case proceeded to trial by jury before the same judge.

## I.

On the resisting arrest count, the trial court, *inter alia* and over defense objection, instructed the jury as follows:

The legality of the arrest is not at issue in this case. The only question for you, the jury, is whether or not the defendant was arrested and, if so, whether or not the defendant resisted that arrest.

Defense counsel stated the grounds for objection in the following exchange:

MR. ANGELOS [defense counsel]:

I take exception to the fact that you [the trial judge] indicated that the arrest was lawful.

I would ask that an instruction be given that an officer may lawfully arrest without a warrant if he finds probable cause, and under the testimony of this case, the evidence is inconsistent. The police officer testified first that he detained him, and went back and found to establish probable cause; however, the next officer testified and came on and said that he was already under arrest, and then he went back and took the drugs. That the other party had established the probable cause. Because of the inconsistent testimony, I ask that the instruction be given that a police officer may lawfully arrest without a warrant as long as he has probable cause, and continue with that the substance of all definitions of probable cause is a reasonable ground to believe that the person about to be arrested is guilty. That reasonable grounds of probable cause for arrest exists when the facts and circum-

stances within the knowledge of the officer, which is reasonably trustworthy information that an offense is being committed.

And taking it one step further, I would ask that you instruct the jury that, if you determine that the defendant was not lawfully arrested, the defendant has a right to resist that arrest. That's his defense, and that if you find that the defendant was not lawfully arrested, the defendant has a right to resist that arrest. One who is illegally arrested may use reasonable force to effectuate his escape. \* \* \* \*

THE COURT:

\* \* \* \* [Defense counsel previously] made [a motion] with respect to the suppression of all evidence, and as to the fact of probable cause for the arrest in the first place. And this matter was heard and I have found, and I have denied your motion and found that there was a proper arrest and that there was probable cause.

Actually, I said a great deal more on the subject. Now, the question arises as to whether or not this means that you can have an instruction that there was not probable cause and that there was legality of arrest in the event that the defendant resists the arrest. To me this would be totally not only inconsistent—first of all, I have already made a legal finding and the courts have held that that is binding.

Secondly, the facts of this case indicate that there is absolutely no evidence whatsoever ... to show that the arrest was anything other than legal. There's not even a scintilla of evidence that the police officers did anything other than based upon the facts before them. Therefore, it doesn't rise to the issue of an issue.

Based on both of those reasons, I deny your exception[ ].

During their deliberations, the jury requested Judge Ward to define "resisting arrest" again. Over defense objection, the court sent in the same exact instruction, "word-for-word without change." Appellant now contends

that the lower court improperly instructed (and, similarly, improperly "reinstructed") the jury. We agree.

■ The Court of Appeals has defined resisting arrest as "[a] refusal to submit to lawful arrest * * *." *State v. Huebner*, 305 Md. 601, 608, 505 A.2d 1331 (1986). Thus, an essential element of resisting arrest is that the arrest be lawful. In Maryland, "one illegally arrested may use any reasonable means to effect his escape, even to the extent of using such force as is reasonably necessary." *Diehl v. State*, 294 Md. 466, 479, 451 A.2d 115 (1982), *cert. denied*, 460 U.S. 1098, 103 S.Ct. 1798, 76 L.Ed.2d 363 (1983) (*citing Sugarman v. State*, 173 Md. 52, 57, 195 A. 324 (1937)). If, however, the arrest is lawful, one is *not* justified in resisting it. *Sharpe v. State*, 231 Md. 401, 403, 190 A.2d 628, *cert. denied*, 375 U.S. 946, 84 S.Ct. 350, 11 L.Ed.2d 275 (1963) (emphasis added). *See also Kellum v. State*, 223 Md. 80, 85, 162 A.2d 473 (1960).

■ Because it is essential that the State prove the arrest was lawful, the trial judge erred in refusing, over defense counsel's objection, to instruct the jury on the issue. *See* M.R. 4–325(c). In fact, the judge specifically instructed the jury *not* to consider the legality of the arrest. Rather, he said, "the legality of the arrest is *not* at issue in this case. The only question for you, the jury, is whether or not the defendant was arrested and, if so, whether or not the defendant resisted that arrest." (Emphasis added.) In addition, when the jury requested the judge to reinstruct them on the offense, he reiterated his original instruction verbatim.

It is obvious that the trial judge made these decisions (vis-a-vis the instruction and re-instruction) based upon the mistaken belief that his finding of probable cause for the warrantless arrest was binding on the trier of the fact—in this case, the jury. It was not. Justice Brennan, writing for the United States Supreme Court, held that "Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due

Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of *every* fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970) (emphasis added). Similarly, the Court of Appeals in *Hoey v. State,* 311 Md. 473, 536 A.2d 622 (1988), opined that "the State must bear the burden of proof on *every* element of a criminal offence." (Emphasis added.) By not instructing the jury on all elements of the crime, the judge usurped the jury's function to decide whether the State had proved beyond a reasonable doubt all elements of the crime.

■ It should be noted, however, that a citizen's right to resist an arrest applies only in limited circumstances. The trend in Maryland is to *diminish* the opportunity for "self-help," while *increasing* the resolution of questionable police activity in the courtroom (rather than the streets).

In *Rodgers v. State,* 280 Md. 406, 373 A.2d 944, *cert. denied,* 434 U.S. 928, 98 S.Ct. 412, 54 L.Ed.2d 287 (1977), the Court of Appeals distinguished between situations where an arrest is based on an officer observing a crime, and an arrest based on a defective warrant. In refusing to extend the right to resist an unlawful arrest in the latter situation, the court held,

> At least where a citizen resists with force an illegal arrest made by a police officer without a warrant, that force is directed at the individual responsible for the improper deprivation of the citizen's liberty; but the officer engaged in carrying out the mandate of a court that he arrest an individual named in a warrant is blameless if that warrant has been issued in error, and it would be a betrayal of our duty to such an officer to say that the citizen is entitled to inflict injury on the officer because the courts had erred in issuing the warrant.

*Id.* at 418–19, 373 A.2d 944.

In addition, the court in *Rodgers* elaborated on the policy reasons for abolishing the right to engage in violent self-

help behavior. The court noted that the potential harm to the officer, the arrestee, and the innocent bystander far outweighs the injustice resulting from limiting the arrestee's recourse in the courts. While recognizing that the available judicial remedies for unlawful arrest are often inadequate, the court held that "when balanced against the State's interest in discouraging violence, [it] cannot be realistically considered a deprivation of liberty." *Id.* at 421, 373 A.2d 944.

More recently, in *Barnhard v. State,* 86 Md.App. 518, 587 A.2d 561 (1991), *aff'd,* 325 Md. 602, 602 A.2d 701 (1992), we refused to extend the right to resist an unlawful warrantless arrest to situations involving an unlawful *Terry* stop. We reasoned,

Much of the underlying rationale in *Rodgers* for restricting the right to resist arrest is applicable here. If it were not, police officers would be subject to attack in every instance when, during the course of their investigation, they temporarily detain someone. To recognize the right to resist such momentary seizures, short of an arrest, serves only to expand the danger of violence. In keeping with the rationale set out in *Rodgers,* we conclude that there is no right to resist an "illegal" stop.

*Id.* at 527–28, 587 A.2d 561.

Moreover, in *State v. Blackman,* 94 Md.App. 284, 617 A.2d 619 (1992), we, relying on *Rodgers* and *Barnhard,* refused to extend the right to resist an unlawful warrantless arrest to situations involving unlawful frisks. We emphasized the policy reasons set forth in *Rodgers* for not allowing violent self-help and hinted, but did not hold, that the right to resist an unlawful warrantless arrest should be eliminated as well. *Blackman,* op. at 306, 617 A.2d at 630. In support thereof, we noted that *Rodgers* did not reaffirm *Sugarman* and its progeny, but rather distinguished itself from them. *Id.* at 307, 617 A.2d at 630. Moreover, we reiterated the validity of the analysis set forth in *Rodgers* vis-a-vis the abolishment by jurisdictions of the right to use force to resist an unlawful arrest. *Id.* at 308, 617 A.2d at

631. Furthermore, we emphasized Maryland's trend of restricting the right to resist unlawful police activity to unlawful warrantless arrest. In so doing, we questioned whether the original rationale for the right to resist an unlawful arrest is still feasible in today's complex society. Until the legislature or Court of Appeals tells us otherwise, however, the law remains that a citizen may resist an unlawful, warrantless arrest.

## II.

■ At one point during the trial, the State sought to admit a written chemical analysis of the substance that appellant was charged with possessing. As part of its attempt to lay a proper foundation for the admission of the analysis, the prosecutor asked his foundation witness ("Officer Coleman")—over defense objection—whether or not the appellant's name appeared on that particular document. The State then proffered that the name "Joseph Payne," which appeared on the document in lieu of appellant's correct name, was the name that appellant gave the attendant police officer ("Officer Smith") at the time of booking. After hearing from counsel, the court then permitted Officer Coleman to relate that fact provided that the State subsequently recalled Officer Smith (who had testified earlier in the trial) to repeat it. Defense counsel subsequently withdrew the objection, and thereby relieved the State of its burden to recall Officer Smith.

During their deliberations, the jury sent a note to the court asking, "Why does [the written chemical analysis] show [the] defendant['s name] as Joseph Payne?" The court drafted its response, to which the defense objected. Defense counsel summarized the situation thusly:

> The answer that the judge is providing [to the jury] is that ["T]here is evidence that the jury may consider along with all the ... evidence in this case in accordance with my instructions that the defendant gave the name of Joseph Payne as his name at the time of booking. Thomas Ward, Judge.["]

Defense vehemently objects to this characterization [in] *that it's . . . reintroducing evidence that is already into the record* and [therefore it] is not necessary to be told to the jury [again]. The last sentence should be pulled out, and just simply say that the evidence is in there and the jury should consider all the evidence that they listened to and heard. Nothing more; nothing else.

Now, on appeal, appellant contends for the first time that the court's response was in error—*not* because the court was *reintroducing* evidence that was already in the record (which was defense counsel's stated grounds for objection at trial)—but because of the *exact opposite reason:* "The court . . . erroneously placed before the jury evidence *never elicited at trial* that appellant used a false name when he was arrested." In other words, defense counsel—at trial—objected based on grounds that Judge Ward's response to the jury's question was *redundant* based on evidence of record; on appeal, appellant attempts to argue that Judge Ward's response set forth facts which were not in the record at all. Accordingly, appellant has failed to preserve adequately this issue for appeal.

As in *Brecker v. State,* 304 Md. 36, 497 A.2d 479 (1985), under "well-settled" Maryland law,

when an objector sets forth the specific grounds for his objection, although not requested by the court to do so, the objector will be bound by those grounds and will ordinarily be deemed to have waived other grounds not specified.

*Id.* at 39–40, 497 A.2d 479 (citations omitted).

Because appellant did indeed set forth a specific ground for his objection, we consider all other grounds—including the ground stated in appellant's brief before this court—as waived. Even if preserved for our review, appellant would not prevail. A reasonable inference could be drawn from the evidence presented that appellant gave his name as Joseph Payne during the booking.

JUDGMENT REVERSED AS TO CONVICTION OF RE-
SISTING ARREST; JUDGMENT AFFIRMED AS TO POS-
SESSION OF COCAINE IN SUFFICIENT QUANTITY.

COSTS TO BE PAID ONE–HALF BY MAYOR AND
CITY COUNCIL OF BALTIMORE AND ONE–HALF BY
APPELLANT.